## M'GEHEE VS HILL.

*As to what accidents excuse the performance of a contract.*

*As to averments in a declaration, and proof upon dependent agreements.*

*Touching the construction of dependent agreements.*

1. In an action for the non-delivery of corn and fodder, upon an agreement to deliver, *unavoidable accidents only excepted*—it is no excuse, that the vendor did not, in consequence of unusual drouth during the cropping season, raise sufficient to supply the quantity agreed to be delivered.

2. Where, upon an entire contract to deliver corn and fodder, the vendor delivers part thereof, the vendee is not bound to receive such part, where there is an understanding, that the vendor will not deliver the balance.

3. Whether the vendee has a right, from the circumstances, to understand that the vendor will not deliver the whole, under his contract, is, in such case, a fact, proper for the determination of the jury.

4. In order to discharge a defendant from liability for a non delivery under such contract, on the ground that the plaintiff refused to receive a part of the goods agreed to be delivered, the jury should be satisfied that the defendant intended to comply fully with the agreement to deliver the whole.

5. In an action for the non-delivery of goods, under an agreement, whereby one contracts to sell and deliver, and the other to pay on delivery—the vendee, in his declaration, must aver, and on the trial, *prove*, a readiness to pay on his part, whether the vendor be ready at the place to deliver, or not.

6. That a credit which a vendee might obtain by the delivery of the goods, in such case, *together* with his other means, would enable him to raise the money to pay for them is not sufficient for a jury to consider as proof of a readiness, on the part of the vendee, to comply with his part of the contract.

In error to the Circuit Court of Montgomery.

This was an action of trespass on the case, by Hill, upon the following agreement, viz:

"Alabama, Montgomery. Articles of agreement, entered into between William W. Hill, of the one part, and Abner M'Gehee, of the other part, witnesseth, that said M'Gehee doth hereby obligate himself to deliver said Hill, at his stables, in the town of Montgomery, five thousand bushels of good merchantable corn, and fifty thousand weight of good fodder, as early next fall as the same will be dry enough to house—unavoidable accidents only excepted. Said Hill doth hereby obligate himself to pay said M'Gehee, on the delivery of said corn, fifty cents per bushel, and one dollar and twenty-five cents per hundred for said fodder.

"Witness, our hands and seals, this 27th day of January, 1833.

"Abner M'Gehee, Wm. W. Hill."

Upon this agreement, the plaintiff declared—

"For that, whereas the said defendant, at Montgomery, to wit, in the county aforesaid, on the twenty-seventh day of January, eighteen hundred and thirty-three, in consideration that the said plaintiff, at the special instance and request of the said defendant, would purchase of him, the said defendant, five thousand bushels of good merchantable corn, and fifty thousand weight of good fodder—he, the said defendant, then and there undertook, and faithfully promised to deliver to him, the said plaintiff, five thousand bushels of good merchantable corn, and fifty thousand weight of good fodder, as early in the autumn then next ensuing, as corn and fodder would

be dry enough to house—*unavoidable accidents only excepted*—at the stable of the said plaintiff in the town of Montgomery—he, the said plaintiff, on such delivery, paying at the rate of fifty cents per bushel for corn, and one dollar and twenty-five cents per hundred weight, for fodder. And, the plaintiff, in fact, saith, that although he has been ready and willing to receive said corn and fodder during the whole autumn, and was then and there ready and willing to pay for the same, according to the said terms; yet, although no accident has prevented such delivery, on the part of the defendant to deliver the same, he has hitherto wholly neglected and refused.

" And, whereas, also, the said defendant, in consideration that the said plaintiff, at his special instance and request, at Montgomery, to wit, in the county aforesaid, on the twenty-seventh day of January, A. D. eigteen hundred and thirty-three, would bargain for five thousand bushels of good merchantable corn, and fifty thousand weight of good fodder, to be delivered at the stables of the plaintiff, in the town of Montgomery, as early in the fall of the year then next present, as the same would be dry enough to house, by the said defendant, to be paid for on delivery at the said stables, at the rate of fifty cents per bushel, for said corn, and one dollar and twenty-five cents per hundred weight for said fodder—unavoidable accidents only excepted—he, the said defendant then and there agreed to sell the same to the said plaintiff. And, the said plaintiff says, that although he was ready and willing, during all of the said fall, to receive at his stables, the said corn and the said fodder, and, on such delivery, to pay for the

same to the defendant, according to the terms afore-
said; and although no accident has intervened, to
prevent such delivery," nevertheless, the said defen-
dant had refused, &c.

The common conclusion with a like count, con-
taining an averment, that plaintiff, *at his said stables
in the town of Montgomery, was ready and willing to
receive the said corn and the said fodder, and then
and there able, ready, and willing to have paid the said
price, for the same, &c.*

Plea, non-assumpsit and issue; and verdict for the
plaintiff; and bill of exceptions and writ of error.

On the trial, the plaintiff introduced the agree-
ment in evidence; and as the bill of exceptions
styled it, "other proof to establish his right of re-
covery."

The defendant introduced testimony to shew, that
by an unusual drouth, which happened during the
cropping season, his crop fell short; and that he did
not raise corn and fodder sufficient to supply his
plantation, and to *fill* said contract. He also proved
that he carried one load of fodder and tendered it to
the plaintiff, at the same time remarking to him, that
he had made a bad crop, and had not raised corn and
fodder enough to *fill* the contract; that he would,
however, comply as far as he could, and desired the
plaintiff to build or prepare cribs to receive it: that
he wished to haul it, while the roads were in good
order.

It was also in proof, that defendant did not say
that he would *not* deliver the whole of the corn and
fodder; but that Hill said, "if he could not get
the whole, he did not want any." But no testimony

was adduced that the plaintiff had prepared a place to receive the corn and fodder ; or that plaintiff ever notified defendant of his readiness to receive it, or comply with his part of the contract.

Upon this state of the evidence, the defendant requested the presiding judge to charge the jury, that if they believed from the testimony, that the understanding of the parties was, that the term *unavoidable accidents*, as used in said contract, was meant to embrace a failure to make a crop, by reason of severe drouths ; or in case the crop had been consumed accidentally in the field, by fire,—then if such was the intention, and such the fact, in that case the defendant was excused.

This the judge refused, and instructed the jury, that no sensible meaning could be applied to the said terms, as used in said instrument ; and such accidents would not excuse the defendant, if they had occurred : or any other, than the acts of God, or of the enemies of the country.

The Court further charged, that the contract in this case was indivisible ; and that the plaintiff was not bouud to receive any part of the corn and fodder, unless the whole was delivered ; and further, that he was not bound to pay for any, until the whole was delivered : that the plaintiff was not bound to prove that he had cribs suitable for the reception of the corn and fodder.

There being some contrariety of proof as to the plaintiff's solvency,—the Court also charged, that if the jury, from the testimony, believed that the plaintiff, from the credit that the corn and fodder, when delivered, would have given him, and from his other

means and resources, could have raised the money, and would have been prepared to pay,—then that was sufficient evidence of readiness on his part.

All which was excepted to.

*Thorington*, for plaintiff in error.
*Gordon* and *Goldthwaithe*, contra.

HITCHCOCK, C. J.—Several of the questions presented by this record, depend upon the construction of the articles of agreement sued upon.

By them, the defendant below bound himself " to deliver to the plaintiff, at his stable, in Montgomery, 5000 bushels of corn, and 50,000 lbs. of fodder, as early next fall as the same will be dry enough to house, *unavoidable accidents only excepted,* and the plaintiff bound himself, on the delivery of said corn, to pay 50 cents per bushel, and $1 25 per hundred for fodder."

1. One of the defences, for the non-delivery of the corn and fodder, and which brings up the question of construction, was, that owing to an unusual drought during the cropping season, his crop fell short, so that he did not raise sufficient to supply his own plantation, and to fill his contract with the plaintiff.

We think this defence not within the terms of the exception. There is no allusion in the contract to the source whence the defendant was to derive his corn and fodder. It was to be delivered at all events, and the "unavoidable accidents," can only relate to the time when it should be delivered, which was to be as early in the fall as the corn and fodder were

dry enough to house. This must be the extent of the exception, or it must be rejected, as repugnant to the contract.

2. On the second point, we are of the opinion that the contract was entire, and the plaintiff was not bound to receive a part and not the whole, and if the plaintiff had a right to understand, when the fodder was tendered, from what the defendant then said, that he did not intend to comply with the contract fully, he was not bound to receive any part. This was a fact, proper to be left to a jury, and in order to discharge the defendant, the jury should be satisfied that the defendant did intend to comply fully with the contract.

There was, therefore, no error in the two first instructions given by the Court.

3. But in the third instruction there was error.

It is a well settled rule of law, that when a contract is dependent, as where one agrees to sell and deliver, and the other agrees to pay on delivery, in an action for non-delivery, it is necessary for the plaintiff to aver and prove a readiness to pay on his part, whether the other party was ready at the place to deliver or not.[*] The seller ought not to be compelled to part with his property, without receiving the consideration, nor the purchaser to part with his money, without an equivalent in return. Hence, in such cases, if either vendor or vendee, wish to compel the other to fulfil his contract, he must make his part of the agreement precedent, and cannot proceed against the other, without an actual performance of the agreement, on his part, or a readiness and ability; and an averment to that effect, is always made in

the declaration containing dependent undertakings, and that averment must be supported by proof.* [* 1 Peters, 465]

That the contract now before the Court, is of this description, cannot admit of a doubt.† The instruction of the Court, therefore, that if the jury believed, that the credit which the corn and fodder, when delivered, might give, together with the other means of the plaintiff, would have enabled him to raise the money, so as to have been prepared to pay, would be sufficient evidence of readiness, was erronious. [† 7 T.R.125 –1 East 203 2B&P.447 1 Saund, n. 4, 320 — 5 Johns.179; 2 ib. 207.]

This principle was recognized by this Court in the case of *Anderson* vs *Garthe*‡ [‡ 1 Stewart 160]

There were peculiar circumstances in that case. Near three fourths of the crop, which had been contracted to be delivered, was paid for before the crop was ready: the time when the crop would be ready, was exclusively within the knowledge of the defendant, and payment did not become due until the entire crop should be delivered. These circumstances, with others, mentioned by the Court, relieved Garthe from the application of the above principles in that case.

Let the judgment be reversed, and the cause remanded.