## LEDYARD v. MANNING.

1. An appellate court will not reverse a judgment, because there is a demurrer in the record to the defendant's plea, (of which no disposition appears,) where there has been a trial by jury.
2. No technical words are required to make a stipulation either a condition precedent or subsequent. Nor is the place assigned to a clause in a contract important, since its construction is determined mainly by the nature of the transaction.
3. Where the vendee promised in writing. to pay to the vendor of land, a sum of money on a day certain, provided the latter would make him a satisfactory deed " for two lots" when the money was paid, it was held that the stipulations of the parties, contemplated a simultaneous performance ; and that neither could maintain an action against the other, without showing performance, or an offer to perform, or at least, a readiness to perform.

THE defendant in error brought an action of *assumpsit* against the plaintiff in the circuit court of Pickens, on a writing, dated the twenty-third day of November, 1836, by which the plaintiff in error promised the defendant to pay to him on the twenty-fifth day of December, eighteen hundred and thirty-eight the sum of five hundred and eighty-two dollars and fifty cents. "*Provided*" he would make to him (the plaintiff) "a satisfactory deed of two lots of land, in the town of Vienna," which lots were purchased of the defendant in error by the plaintiff. The declaration avers that the defendant in error did make and tender to the plaintiff a general warranty deed to the lots, and demanded of him payment of the money agreed by the writing to be paid, and concludes with a statement of a legal liability and promise.

The plaintiff in error pleaded : 1. *non assumpsit* : 2, That the defendant in error did not, before the commencement of the suit, tender to the plaintiff a deed to the two lots of land in the town of Vienna, referred to in the note. On the first plea, issue was joined. To the second there was a demurrer, of which no notice

20

seems to have been taken, but the case was tried by a jury, who returned a verdict for the defendant in error.

On the trial a bill of exceptions was taken by the plaintiff in error, from which it appears that, after the defendant in error had read to the jury the writing declared on, he introduced a witness to prove that he had tendered a deed to the two lots referred to in the writing, before the commencement of the suit, which evidence was excluded on objection by the plaintiff, but the court permitted the defendant in error to prove that he had verbally offered, before the action was commenced, to make title to the lots, if he (the plaintiff,) would pay him the amount expressed in the writing. The defendant in error did not prove that he had offered to the plaintiff an abstract, or memorandum of titles—proof being adduced to show that the defendant in error was in possession of the lots ; the evidence here closed.

The counsel for the plaintiff in error moved the court to instruct the jury, that the defendant could not recover, unless he had tendered to the plaintiff in error, a deed to the lots to be executed, or an abstract of titles. Which instruction the court refused to give, but instructed the jury that the certificate referred to in the writing, was enough to advise the defendant (plaintiff in error) of the Nos. of the lots, and that by the terms of the writing, the plaintiff (defendant in error) was not compelled to prove an offer on his part to make titles. That by the writing the defendant [plaintiff in error] could only demand titles on payment or tender of the money, and that he should, at the same time, tender such a deed as he would be willing to receive. To all which the plaintiff in error excepted, etc.

The judge, in his charge to the jury, refers to a certificate to which no allusion is made in the writing. After promising to pay the money at the appointed day, the writing proceeds as follows :—" provided he [Manning] gives me a satisfactory deed of two lots of land in the town of Vienna, bought of him this day, as per receipt of above date, when the note above is paid." The receipt was evidently intended by the judge when he spoke of a certificate.

Ledyard v. Manning.

The plaintiff in error seeks to reverse the judgment of the circuit court. *First*—Because the demurrer interposed to his second plea, was not disposed of.    *Second.*—Because the court refused to charge the jury as requested, and erred in the charges given to them.

PECK & CLARK, for the plaintiff.
No COUNSEL, appearing for the defendant.

COLLIER, C. J.—1. In Wheelock v. Fitch, [3 Porter's Rep. 387,] it was held to be error to try a case as on issue joined, when there was a demurrer in the record to the plea, which did not appear to have been disposed of.   But this case has been overruled by a late adjudication, and it is now settled that after a trial by jury, the demurrer will be considered as waived, and the parties understood to have gone to trial, without requiring an issue to be made up.   This view being decisive of the first point, we are relieved from the necessity of enquiring whether the declaration and the second plea are sufficient in law.

2. In Jones v. Sommerville [1 Porter's Rep. 437,] the different kinds of covenants are stated, as well as the rules by which it may be ascertained, to which class each particular covenant may be assigned.   The rules by which the reciprocal obligations and duties of covenantors are determined, apply with all force to parol contracts, and upon this hypothesis we will consider the stipulations of the parties.

There are no technical words in a contract required to make a stipulation either a condition precedent or subsequent, nor does it depend upon the place which is assigned to a clause in the contract, so that it operates as a proviso or stipulation, for the same words have been construed as either the one or the other, according to the nature of the transaction.   The contradictions in the interpretation of contracts to be found in the books, have not proceeded from a denial of the principle, but from its misapplication in the particular case adjudged.

Covenants are said to be independent, when a day is appointed for the payment of money by the defendant, or for the doing of

any other act by him, and such day is to happen before the thing, which is the consideration of the defendant's covenant, was to be performed ; because there it would appear that the defendant relied upon his remedy, and did not intend to make the plaintiff's performance a condition precedent. (1 Porter's Rep. 457.) Let us examine the contract of the parties in reference to this rule. The plaintiff in error promises to pay to the defendant a sum of money on a day certain ; provided the latter will make him a satisfactory deed for two lots, the consideration of the plaintiff's promise, when the money is paid. Here the time fixed for the payment of the money cannot arrive previous to that on which the stipulation for titles may become absolute. The one promise, we infer from the contract, forms the entire consideration for the other, and the payment of the money, or the offer to pay it, would have invested the plaintiff in error with a right of action against the defendant, if he had refused to make a title to the lots. If this view be correct, and we think it indisputable, the stipulations of the parties cannot be regarded as independent.

When two acts are to be done at the same time on a day named, or generally by the opposite parties, neither can maintain an action without showing performance, or an offer to perform, or at least, a readiness to perform, though it was uncertain which of them was bound to do the first act. So where there are mutual promises, yet if one be the consideration of the other, then the plaintiff's performance must, in general, be averred and proved. If, however, it is apparent that the defendant relied rather on the *mere promise* than its *actual performance*, it will be unnecessary to aver performance. (1 Chitty's Pl. 310 to 315.)

In the case at bar, it is clear that neither party relied on the *mere promise* of the other, or that the plaintiff in error intended to part with his money until the defendant was ready and willing to make a title. The circumlocution employed, obviously from the greater caution, indicates that the parties contemplated a simultaneous performance of their respective stipulations. This conclusion is not opposed by these words " when the note above is paid," introduced at the conclusion of the contract. They

do not amount to a promise on the part of the plaintiff in error to part with his money, without receiving in return a title to the lots. The common sense as well as a technical interpretation of the contract is opposed to such an idea.

The charge of the circuit court to the jury is at variance with the opinion we have expressed, and consequently the judgment is reversed and the case remanded.