## BEATTY v. HOLLOWAY.

1. To an action of trespass against a sheriff, he justified under a *fieri facias.* To this plea the plaintiff replied generally. Held—that under this issue it was not competent for the plaintiff to prove that the goods taken were exempt from execution, but that to admit the proof the plaintiff should have replied these facts by way of confession and avoidance.

ERROR to Dallas Circuit Court.

Trespass *vi et armis* by the plaintiff in error against the defendant in error, sheriff of Dallas county.

The declaration charges the taking and carrying away various articles of household furniture and wearing apparel.

The defendant craved oyer of the writ, and pleaded in abatement of the suit; to this plea there was a demurrer of which no notice appears to have been taken.

The cause was tried on the pleas of not guilty, and a special plea of justification, to which a general replication was made.

On the trial it appeared from the testimony that the defendant had taken the goods mentioned in the declaration under an execution, as sheriff of the county. Among the articles thus taken, were two beds, and it was proved that the plaintiff had no other beds than those thus taken. The Court charged

that the plaintiff could not show that the goods taken as afore-said were exempt from execution, unless that fact had been replied specially to the plea of justification, to which the plaintiff excepted.

The defendant had judgment, and the plaintiff prosecutes this writ and assigns for error.—

1. The demurrer to the plea in abatement is not disposed of.

2. There is no replication to the pleas.

3. The matter shown by the bill of exceptions.

Geo. Gayle, for plaintiff in error.

ORMOND, J.—It is the settled rule of this Court not to notice on error the omission to dispose of a demurrer to a plea, when the parties go to trial before a jury; as it will then be considered that the demurrer is waived. [Ledyard v. Manning, 1 Ala. Rep. 153.] The objection that there is no replication to the plea is not sustained by the record, but if true would not be available on error, where, as in this case, the parties appeared and submitted the cause to a jury.

By a statute to be found in Aikin's Digest, 167, §43, it is declared that certain property shall be exempt from execution and retained by and for the use of every family in this State. Among the articles thus reserved from sale by execution are "two beds and furniture," and the sheriff was clearly responsible if under the pleadings in the cause the evidence was admissible.

The plea of the defendant is not set out in the record, but according to the loose practice too prevalent, is pleaded by its title. No objection however can be taken to the plea in this Court, as taking issue upon it must be considered a waiver. The substance of the plea was that the trespass complained of was a levy made of the defendant's goods by virtue of a writ of *fieri facias*. A general replication to this plea is a traverse or denial of the facts alledged in it, and relied upon as a justification. If it had been the intention of the plaintiff not to controvert the facts set up in the plea as a defence to the action, but to insist that notwithstanding the fact relied on was true, the defendant was liable because he had seized goods

which the execution did not warrant his taking, it should have been replied by way of confession and avoidance of the allegations of the plea, and thus tender a new issue to the defendant.

This not being done, the facts offered in evidence were properly excluded, as they had no connection whatever with the issue which the parties had submitted to the jury. [Stephens on Pleading, 57.]

Let the judgment be affirmed.