# Harper *v.* Claxton.

### *Action for Money Had and Received.*

1. *Action for money had and received; when maintainable.*—Privity of contract is not necessary to support an action for money had and received; the law implies the promise to pay, whenever the defendant has money in his hands, the property of the plaintiff, and which the defendant has no legal right to retain.

2. *Same.*—In such a case, even if there be an express promise to pay, a breach entitles the plaintiff to recover only a sum certain, or capable of being rendered certain, and a common count is as appropriate for a recovery as a count stating the promise and its breach, unless the promise was conditional and dependent.

3. *Same.*—Money paid on a contract which is rescinded, is recoverable in a count for money had and received; and though there may be no purpose or intention on the part of him who rescinds the contract to pay it, yet, if by his conduct and acts he induces the other party to believe he will pay, he is bound to the same extent that he would be, if he had in express words promised payment.

APPEAL from Coffee Circuit Court.

Tried before Hon. HENRY D. CLAYTON.

The appellee, Rhoda Claxton, brought this action against the appellant, Robert Harper, to recover one hundred and fifty dollars. The complaint originally contained four counts, but was amended by striking out all but the first count, which was a count for money had and received. The other counts were for the failure to carry out a contract for the purchase of a horse. On the trial, plaintiff, as a witness in her own behalf, testified, " that in the spring of 1872 she purchased a horse from the defendant for the sum of two hundred dollars; that she only had one hundred and fifty dollars of the money, which she paid over to the defendant, and he let her have the horse for the purpose of going to a neighboring town to get the balance of the money; that after she had kept said horse a few weeks, defendant came to her house and told her he had come after the horse or the money, meaning the fifty dollars then due; that she gave up the horse to the defendant, and that it was her understanding that defendant was to pay her the sum of one hundred and fifty dollars, the amount paid by her." Upon cross-examination, plaintiff was asked if defendant agreed to make said payment when he went after the horse, to which she replied, " that was her understanding, but she could not state what he understood." The defendant testified in his own behalf,

VOL. LXII.

that the sale was a " cash trade," but that the plaintiff only paid one hundred and fifty dollars, and he delivered the horse to her for the purpose of going after the balance of the money, and with the express understanding that she was to return the horse in a few days, if she did not pay the money, and the defendant was to hold the horse for the payment of the balance. He further testified that the plaintiff carried the horse off, and after waiting on her for several weeks, he went to her house and told her " that he had come for the horse or the money one ;" and in accordance with the agreement, " she immediately got the horse and turned it over to him, saying at the time that she did not have the money, but would get it in a few days and carry it to him and get the horse back."

He also testified " that he did not agree to pay the plaintiff any money back ; that he took the money which was paid him by plaintiff and bought him another horse immediately, and before he took said horse back, which he would not have done if he had not sold the horse to plaintiff ; that shortly after he carried said horse home, the plaintiff informed him that she had concluded not to take the horse, and wanted defendant to pay her one hundred and fifty dollars back, which he declined to do, but stated to her that he was ready to deliver the horse when she paid the balance of the money, and further stated to her that he could not pay her the one hundred and fifty dollars ; that he had spent it, or a part of it, for another horse."

This was all the evidence, and the court, among other things, charged the jury : That if they find, from the evidence, that the title to the horse passed from defendant to plaintiff, then plaintiff cannot recover in this action, unless at the time he went to take the horse back, he agreed to pay her one hundred and fifty dollars, and he need not have agreed to do so in words, but would be held to have done so, if his acts and conduct towards her at the time was such as to have induced the belief upon her mind that he would do so, or if he used any undue advantage by which the plaintiff was induced to surrender the horse to him." The court also charged the jury, that if they find for the plaintiff, they must also calculate the interest from the time the plaintiff's right of action accrued. To each of these charges the defendant excepted, and they are now assigned as error.

John D. Gardner, for appellant.

W. D. Wood, contra.

[Russell v. Russell.]

BRICKELL, C. J.—The complaint, as amended, contained a single count for money had and received. Such a count is appropriate for the recovery of money which the defendant may have in his possession of right belonging to the plaintiff. Privity of contract is not necessary to support the count. The law implies the promise to pay, whenever the defendant has money in his hands the property of the plaintiff, and which the defendant has no legal right to retain. If the defendant expressly promises to pay, a breach of the promise entitles the plaintiff to recover only a sum certain, or capable of being rendered certain, and a common count is as appropriate for a recovery as a count stating the promise and its breach, unless the promise was conditional and dependent.

Money paid on a contract which has been rescinded, is recoverable on a count for money had and received.—2 Green. Ev. § 124. There may be no purpose or intention on the part of him who rescinds the contract to pay it, but if by his acts and conduct he induces the other party to believe that he will pay, he is bound to the same extent that he would be if he had in words expressly promised payment.

This is in substance the charge of the court, and the judgment is affirmed.