# Brady *v.* Green.

*Action for Breach of Contract.*

(Decided Feb. 18, 1909. 48 South. 807.)

1. *Vendor and Purchaser; Contract; Concurrent Condition.*—A contract whereby the purchaser agrees to purchase and the vendor agrees to sell the real estate therein described for a specific consideration, contemplates that the payment of the price and the execution of the conveyance should be contemporaneous, and creates concurrent dependent conditions on each to do that which each had engaged to do.

2. *Same; Breach of Contract; Complaint.*—Under a contract whereby the purchaser agrees to buy and the vendor to sell certain described property at a given price, the complaint for a breach thereof which alleges that the purchaser was ready, able and willing and offered to comply with his part of the contract, and that the vendor refused to convey the property, sufficiently avers performance by the purchaser of the acts necessary to put the vendor in default.

3. *Same; Contract; Performance.*—Where the vendor refuses to convey it is not encumbent on the purchaser to tender to the vendor a deed to the property prepared for conveyance; in order to maintain an action for the breach of the contract.

4. *Same; Price.*—A contract for the sale of real estate for a stated consideration imports the payment of cash in the absence of stipulations for credit.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action. by Ignatius Green against P. F. Brady for breach of contract. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint as amended is as follows:

"(4) The plaintiff claims of the defendant $500 damages for the breach of an agreement entered into by him on the 24th day of February, 1905, in substance as follows: The plaintiff agreed to buy and the defendant agreed to sell, for the consideration of $4,000 net, property in Tuscaloosa, Ala., on Madison street, known as the old jail and the opera house, and the contents of

the latter; and plaintiff says 'that, although he was ready, able, and willing, and offered, to comply with his part of the contract, the defendant failed to comply with the following provisions therof, viz. : The defendant refused to convey the property above described to plaintiff, to the damage of plaintiff in the amount aforesaid, with interest.

"(5) Same as 4, except it is alleged that said property was owned by Louise Brady, wife of the defendant.

"(6) Plaintiff claims of the defendant $500 as damages for the breach of an agreement entered into by him on the 24th day of February, 1905, by which defendant promised to sell plaintiff and plaintiff was to buy, for the sum of $4,000 net, property in Tuscaloosa (the same property as described in count4 ), which said agreement the defendant refused to carry out, although plaintiff was ready, able, willing, and offered, to comply with his part of the agreement, to the damage of plaintiff," etc.

The grounds of demurrers are sufficiently stated in the opinion of the court.

FITTS, LEIGH & LEIGH, for appellant. The counts are on a dependant covenant or agreement and the appellee should have averred either in express terms that he complied with his part of the agreement or set out facts constituting a sufficient excuse for the failure to comply. —9 Cyc. 721-724; *Harvey v. Trenchard,* 6 N. J. L. 126; *Johnson v. Collins,* 17 Ala. 318; *Pate v. McConnell,* 106 Ala. 449; *LeBron v. Morris,* 110 Ala. 115; *Harper v. Johnson,* 129 Ala. 296; *Chapman v. Lee,* 55 Ala. 16. The counts should have averred when, where, how or upon what terms or in what time the purchase money should have been paid.—1 Chitty's Pleading 277; *Manier & Co. v. Athens,* 112 Ala. 663.

INGE & ARMBRECHT, for appellee. The assignments of demurrer are general and should not be considered.—Section 3303, Code 1896. The court properly overruled the demurrers, even if not general.—*Robbins v. Harrison,* 31 Ala. 160; *Broughton v. Mitchell,* 64 Ala. 222; 24 A. & E. Ency of Law, 1095; 29 Ib. 691; 22 Ency P. & P. 756-7; *Wade v. Killo,* 5 S. & P. 450; *Garnett v. Yhoe,* 17 Ala. 77; *Bedell v. Smith,* 37 Ala. 625; *Hawkins v. Merritt,* 109 Ala. 265; *Ashurst v. Peck,* 101 Ala. 509; *Carlisle v. Carlisle,* 77 Ala. 343.

McCLELLAN, J.—The three counts of the complaint as last amended, assailed by the demurrers, contain these presently important averments: "The plaintiff agreed to buy and the defendant agreed to sell, for the consideration of $4,000 net, property in Tuscaloosa, Ala., on Madison street, known as the old jail and the opera house, and contents of the latter; and the plaintiff says that, although he was ready, able, willing, and offered to comply with his part of the contract, the defendant failed to comply with the following provisions thereof, viz.: The defendant refused to convey the property above described to the plaintiff. * * *" The demurrers, in their first phase, take the point that the averments quoted fall short of the necessary acts in order to put the defendant in default and hence render him liable for breach of the contract, in that it is not averred that plaintiff tendered the money and a conveyance of the property to the defendant, or that no excuse for a failure to so tender the conveyance and the money is set forth in the counts. It is too clear for doubt that the intention of the parties, as expressed in the contract pleaded, contemplated that the payment of the money and the conveyance of the property should be contemporaneous, thus creating concurrent, dependent conditions upon each to do what each had engaged to do.—99 Cyc. pp. 719, 720, and notes;

*Jones v. Somerville,* 1 Port. 437; *Broughton v. Mitchell,* 64 Ala. 210; *Jones v. Powell,* 15 Ala. 824; *Ledyard v. Manning,* 1 Ala. 153; *Davis v. Adams,* 18 Ala. 264; *Bank of Columbia v. Hagner,* 1 Pet. 461, 7 L. Ed. 219; *McKlcroy v. Tulane,* 34 Ala. 78; *McGehee v. Hill,* 4 Port. 170, 29 Am. Dec. 277; 4 Ency. Pl. & Pr. p. 639, and note.

With reference only to the question of necessity vel non to actually tender the price agreed upon, a control ling consideration in determining to what extent the pleader must go in allegation of his acts under the contract in order to fix, and thus declare in his complaint, liability of the opposite party for the breach of the contract, has been thus stated in *McGehee v. Hill, supra;* "The seller ought not to be compelled to part with his property without receiving the consideration, nor the purchaser to part with his money without an equivalent in return." From the quoted premise it is further said that one cannot proceed against his adversary in the contract "without an actual performance of the agreement on his part, or a *readiness* and *ability*" to do so; "and an averment to that effect is always made in the declaration containing defendant's undertakings, and that averment must be supported by proof." (Italics supplied.) In *Ledyard v. Manning,* 1 Ala. 156, the same rule has been declared in this form: "When two acts are to be done at the same time on a day named, or *generally,* by the opposite parties, neither can maintain an action without showing performance, or an *offer* to *perform,* or, at least, a readiness to *perform,* though it was uncertain which of them was bound to do the first act." (Italics supplied.) Our decision in *McGehee v. Hill, supra,* in the respect quoted above, found authority in *Bank of Columbia v. Hagner,* 1 Pet. 461, 7 L. Ed. 219, and the influence of that opinion in the establishment of the phase of the law under consideration may be seen by reference to 2 Rose's Notes, p. 745 et seq.; and the doc-

trine announced and approved in *McGehee v. Hill* is thoroughly supported by the text-writers before cited, and such approval is based on the weight of authority.— *Elliott v. Howison*, 146 Ala. 568, 40 South. 1018.

If actual tender of the money, rather than tender of performance, coupled with ability to perform, was required of the purchaser, whose actual performance was not contemplated by the parties to be more than a concurrrent condition with that of his adversary to convey, he would be necessarily placed in the attitude of surrendering his money without the equivalent in return of the property he had engaged to buy. The readiness, willingness, ability, and offer of plaintiff to perform, and, on the other hand, the refusal thereupon of defendant to perform on his part, is averred. This phase of the demurrer was, therefore, properly overruled.

The phase of the demurrer objecting that it is not averred that the plaintiff prepared and tendered to the defendant a proper conveyance of the property affected by the contract cannot be sustained, since a refusal of the defendant to convey is expressly alleged. The decision of *Garnett v. Yoe*, 17 Ala. 74, is directly in point, and we will not depart from it.

The averment of agreement to buy at the sum stated in the complaint, no stipulation for credit being present, imports that the payment should be cash.—*Robbins v. Harris* 31 Ala 160. The counts are sufficiently definite in respect of the payment to be made by the plaintiff. In *Manier v. Appling*, 112 Ala. 663, 20 South. 978 cited for appellant, the counts were silent as to the sum to be paid for the shoes.

No error appears in the record, and the judgment overruling the demurrer is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.