# Veitch *v.* Atkins Grocery & Commission Co.

## *Assumpsit.*

### (Decided May 14, 1912.   59 South. 746.)

1. *Sales; Delivery; Dependent Acts.*—Where an act to be performed by one party to a contract is dependent and conditional upon some act of the other party, the party who is to act first must take the initial step, and his failure to do so renders him liable to the other party if he is then ready, willing and able to perform his part.

2. *Same; Payment; Condition.*—Where goods are sold for cash, the purchaser is not entitled to delivery without payment.

3. *Same; Tender.*—Where a seller of goods has disabled himself from carrying out the contract by a sale and delivery to another, it is not necessary that the buyer should offer to perform, if in fact, he is ready, willing and able to carry out his part.

4. *Same; Terms of Payment; Cash.*—Where no credit is agreed upon by the parties to the contract, it will be regarded as a sale for cash.

5. *Same; Action for Damages; Offer of Payment.*—Where a buyer of goods for cash brings an action of damages for the seller's failure to deliver, he should aver that he paid or offered to pay or give some good reason for not making the offer, and a mere averment of readiness and ability to pay at the time and place of delivery is insufficient, without an averment of an offer to pay.

6. *Same*—Where one of the counts averred that plaintiff was ready, willing and able to receive and pay for the goods at the agreed place of delivery but that defendant then disabled himself by selling and delivering the goods to another, and though plaintiff offered to receive the goods and pay the price, defendant failed to make delivery, the plaintiff upon proof conforming either to the averment that defendant had disabled himself from delivery, or that he had failed to deliver them on the buyer's offer to receive and pay for them, was entitled to recover.

[Veitch v. Atkins Grocery & Commission Co.]

7. *Same; Tender; Performance.*—Under the evidence in this case, it was a question for the jury whether or not the buyer had tendered a performance and the seller had refused to deliver the goods in accordance with the contract.

8. *Same; Instructions.*—Where the complaint averred that the seller had disabled himself from performance by selling and delivering the goods bought to another party, a charge that if the seller did not deliver the goods to some one other than plaintiff, then the seller was not liable, predicates a verdict for defendant upon the theory that the seller had to deliver the goods to another person.

9. *Same; Seler's Disability.*—A seller of goods is liable to the buyer in an action of damages, if he disables himself from making the delivery by a sale to another at a time when the buyer is ready, able and willing to receive and pay for the goods.

10. *Same; Transfer Bill of Lading; Effect.*—Where a seller ships goods in the name of the buyer and attaches the bill of lading to a draft on the buyer for the price of the goods, and deposits the draft and bill of lading in a bank for collection, the bank and its collespondents become the agents for the seller with full power of disposition over the goods, since a delivery of the bill of lading is a symbolic delivery of the goods for all purposes incident to the collection of the draft, and delivery of the bill of lading to the buyer.

11. *Same; Transfer of Title; Assignment.*—Where the seller draws on the buyer for the price of goods with bill of lading attached, and the buyer accepts and pays the draft, the title to the goods vests in the buyer.

12. *Pleading; Issue; Proof.*—Where a single count contains distinct averments, each of which present a substantial cause of action, proof of either will authorize a recovery.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Action by Carlos Veitch against V. B. Atkins Grocery & Commission Company for breach of contract. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The fifth count was as follows: "Plaintiff claims of the defendant the sum of $57.18, together with the interest thereon, as damages, for that defendant did on, to wit, February 17, 1910, bargain and sell to plaintiff 39,128 pounds of Johnson grass hay, to be delivered to Birmingham, Ala., on the day following said sale; and plaintiff avers that said hay so sold plaintiff was at the time of said sale standing on board cars on a rail-

road in Birmingham, and plaintiff agreed to take said hay on said terms, and plaintiff avers that on the day for the delivery of said hay he made demand on defendant for delivery of said hay, but the defendant failed to deliver and still fails to deliver the same, and plaintiff avers that he was then, and had at all times been, ready to receive and willing and able to pay for said hay, and that by reason of such failure on the part of defendant plaintiff was damaged in the sum sued for." Count 7 alleges that the same state of facts, with the additional allegation that the defendant at the time for the delivery disabled itself from complying with said contract by selling and delivering said hay to another person.

WATKINS M. VAUGHN, and DANIEL PARTRIDGE, JR., for appellant. The court erred in sustaining demurrer to count 5.—*McGehee v. Hill,* 4 Port. 170; *Jones v. Powell,* 15 Ala. 824; *Watson v. Kirby,* 112 Ala. 444; 20 South. 624; *Rawson v. Johnson,* 1 East 203; Coonley v. Anderson, 1 Hill, (N. Y.) 519; *Porter v. Rose,* 12 Johns. 209; *Funk v. Hough,* 29 Ill. 145; *Robinson v. Tyson,* 49 Pa. St. 286; *Schreibery v. Butler,* 84 Ind. 576; *Estill v. Jenkins,* 4 Dana. 75; *Finney v. Ashley,* 15 Pick. 548. The court erred in giving the jury charge 1 at the request of defendant.—*So. Ry Co. v. Lee,* 52 South. 648; *B. R. L. & P. Co. v. Moore,* 148 Ala. 115; *A. G. S. v. Huddleston,* 82 Ala. 219; *Frazier v. Smith,* 80 Ill. 145; *Keiser v. Topling,* 72 Ill. 228. The court should have given the affirmative charge for plaintiff. —Authorities supra.

PETTUS, JEFFRIES, PETTUS & FULLER, for appellee. The court properly sustained demurrers to count 5.— *Davis v. Adams,* 18 Ala. 268; *Offut v. Wells,* 42 Ala. 201; *Robbins v. Harrison,* 31 Ala. 164; *Shinn v. Rob-*

*erts,* 43 Am. Dec. 636. While a tender of actual money is not required a tender of performance is necessary, coupled with ability to perform.—*Brady v. Green,* 159 Ala. 482. The court properly sustained demurrers to the 6th and 7th count.—*1st Nat. Bank v. Wilkesbarre L. Co.,* 162 Ala. 315; Hutchison on Carriers, 181; 40 Mass. 455; 33 N. W. 862; 2 South. 199. There was a variance and defendant was entitled to the affirmative charge.—*A. G. S. v. McWhorter,* 156 Ala. 280; *Griffin v. Bass Co.,* 135 Ala. 490.

DE GRAFFENRIED, J.—The action was brought by appellant against appellee in the city court of Selma to recover damages for an alleged breach of a contract of sale, averred to have been made between the parties on the 17th day of February, 1910. Under the contract of sale the appellee agreed to sell and deliver to the appellant two cars, 39,128 pounds, of Johnson grass hay, at and for the price of $11.25 per ton. At the time the contract was made the hay was in Birmingham, Ala., in two cars upon the track of a common carrier.

It appears that the appellee had shipped to Norwood & Co., whose place of business was in Birmingham, Ala., the hay in question; that Norwood & Co. had refused to accept the hay, and had so notified appellee; and that appellee then turned over the sale of said hay to one Roy Peace and instructed him to sell it. It also appears that, when appellee shipped said hay to said Norwood & Co., it took a bill of lading in the name of said Norwood & Co., which bill of lading appellee attached to a draft drawn by it on said Norwood & Co. for the purchase price of the hay; that appellee placed said draft in a Selma bank for collection in Birmingham.

The fifth count of the complaint contains an averment of a demand made by appellant on appellee for

the delivery of the hay, and it also contains a further averment that, at the time of said demand, the appellant was then and there ready, willing and able to pay for said hay, and that the appellee failed to deliver it. The appellee interposed a demurrer to this count of the complaint, alleging, among other grounds of demurrer, that appellant did not aver "an offer to pay for said hay." The trial court sustained the demurrer, and the judgment of the court upon said demurrer is questioned under the first assignment of error. The question presented is whether or not it is necessary for a purchaser under a contract of sale to aver *an offer to pay* if he has already averred *a readiness to pay and an ability to pay* at the time and place of delivery.

The case of *McGehee v. Hill,* 4 Port. 170, 29 Am. Dec. 277, a leading case upon the principle there decided, is cited by appellant in support of the sufficiency of his pleading; that is, of the fifth count of said complaint. Under the contract presented in the *McGehee Case,* the defendant bound himself "to deliver to the plaintiff, at his stable in Montgomery, 5,000 bushels of corn and 50,000 pounds of fodder, as early next fall as the same will be dry enough to house, unavoidable accidents only excepted." And under said agreement the plaintiff bound himself "on the delivery of said corn to pay 50 cents per bushel, and $1.25 per hundredweight for the fodder." The contract was pleaded in the *McGehee Case,* and the averments of the complaint show the foregoing provisions.

It will be observed that under the terms of the contract in the *McGehee Case* no duty rested upon Hill to do anything until there was a delivery of the corn and fodder by McGehee; there the act of payment was conditioned by the terms of the contract upon the delivery of the articles purchased. This is true of every contract

[Veitch v. Atkins Grocery & Commission Co.]

by the terms of which one act is dependent upon another; he who is to act *first* must so act, and his failure to take the *initial step* will render him liable if the party whose act, under the contract, was dependent upon such first act, was then ready, willing, and able to carry out his part. Hence an averment by the party whose act is dependent upon some first act of the other party, of a readiness and willingness to perform his part of the contract, is sufficient.

The averment here presented is that the defendant bargained and sold the hay to plaintiff, to be delivered next day. Nothing is said about the time or manner of payment, or that it was conditioned upon delivery of the hay. There is no averment that any credit was extended in the matter of the sale by the defendant to the plaintiff, and in the absence of such an averment it will be presumed that the sale was for cash. This rule is thus stated in the case of *Robbins v. Harrison,* 31 Ala. 164: "When no credit is agreed upon, a sale of chattels will be regarded as having been made for cash; and the purchaser will not be entitled to delivery, as a matter of right, without making payment."

The allegations of the fifth count of the complaint, therefore, bring the vendee under the contract therein set out directly within the rule announced in the case of *Offut v. Wells,* 42 Ala. 199, where it was said: "If an article is contracted to be sold at a certain place, that is the place of delivery, in the absence of any express stipulation in the contract; and in the absence of any express stipulation therein the law does not impose upon the vendor the duty of a delivery of the article sold, before payment of, or an offer to pay, the purchase money." And further: "So, on the other hand, if the vendee brings suit to recover damages for a failure to deliver goods sold for cash, at the place and within the

time stipulated or fixed by law, he must prove that he paid, or offered to pay, the vender the purchase money, or some good excuse for not making the offer, to entitle him to a recovery." The demurrer to the fifth count of the complaint was properly sustained.—*Davis v. Adams,* 18 Ala. 267; *Offut v. Wells,* 42 Ala. 199; *Brady v. Green,* 159 Ala. 482, 48 South. 807.

At the request of appellee the court gave to the jury the following written charge: "(1) If you believe from the evidence that the defendant did not deliver the hay to some other than Veitch on February 17 or 18, 1910, then you must find for defendant." The correctness of this charge is raised under the second assignment of error. In deciding the question here raised, it becomes necessary to consider the averments of the seventh count of the complaint. In the said seventh count it was averred, after setting up the contract of sale, as follows: "(1) Plaintiff further avers that although he was ready, willing, and able to receive said hay and pay for the same at the agreed time and place of delivery, defendant did at the time for the delivery disable itself from complying with said contract by selling and delivering said hay to another person. (2) Plaintiff further avers that although at the time for payment and delivery under said agreement he did offer to receive said hay and pay the agreed price therefor, and was then ready, willing and able to receive said hay and pay for same, defendant failed to so deliver."

It will be observed that this count of the complaint avers a readiness, willingness and ability upon the part of appellant coupled with a disability upon the part of the appellee in the one instance, and an offer of performance, or an offer to pay, upon the part of the appellant, coupled with a failure to deliver upon the part of the appellee in the other.

Now, where a single count contains distinct averment, each of which presents a substantive cause of action, proof of either cause will authorize a recovery.— *Southern Ry. Co. v. Lee*, 167 Ala. 52 South. 648.

Under each of the allegations of the seventh count a separate and distinct cause of action is presented; they are as independent and separate as though averred in different counts. The burden was on the appellant to prove that the appellee had disabled itself, at least to the extent of making out a prima facie case of disability, by selling the hay and delivering it to another person, and that appellant was then ready, willing and able to receive and pay for the hay and that the appellee failed to deliver it.—*Johnson v. Collins*, 17 Ala. 325, 326. Upon proper proof, to the extent herein indicated, the appellant was as much entitled to recover in one case as the other.

The evidence in this case shows that the two cars of hay were purchased by appellant from Peace, the agent of appellee, on the 17th day of February, 1910; that appellant and the said agent went down and inspected the hay about 3 o'clock of the afternoon of that day, that appellant told the agent to call and get his money the next day; that the agent agreed to call at the office of the appellant the next day and bring with him the bill of lading and invoice and get the check of appellant for the amount due for the hay; that the agent did call at the office of appellant the next morning, and brought with him the invoice, but not the bill of lading; and that said agent then stated that he was not able to deliver the hay. The evidence further shows that the agent testified that appellant was to give him 'a check for the purchase price of the hay, and that the agent was to take up the draft with bill of lading attached. The agent stated that he did not deliver the hay and

that he could not deliver it. Under this state of the evidence, it was a question for the jury to determine whether or not the appellant had tendered a performance of his part of the contract, and the appellee had refused to deliver the hay in accordance with his part of the contract. The charge took away from the jury the consideration of that question, and the court therefore erred in giving said charge.

This charge is objectionable upon another theory: It predicates a verdict for appellee upon the theory that the *appellee* had to deilver the hay to another person. A sale and delivery by *some other person* than the appellee, *if duly authorized,* would have been sufficient. The charge appears to ignore the relationship of principal and agent entirely, and was therefore misleading, and, as we understand the evidence, probably misled the jury.

It is unquestionably the law that if the appellee, at the time and place of delivery, had disabled itself from carrying out the contract of sale by selling and delivering the hay to another person, then there was no necessity for the appellant to offer to perform his part of the contract. The law does not require the observance of a vain ceremony. If the appellee had disabled itself from delivering the hay to appellant, in the manner set out in the complaint, then appellee was liable to appellant notwithstanding the failure of appellant to offer to perform his part of the contract, if as a matter of fact the appellant was ready, willing and able to carry out his part of the agreement.—*Johnson v. Collins,* 17 Ala. 318; *Read v. Walker,* 18 Ala. 322; *Root v. Johnson,* 99 Ala. 90, 10 South. 293; *Hawkins v. Merritt,* 109 Ala. 261, 19 South. 589.

The evidence shows that the appellant was ready to receive the hay, that he was willing and able to receive

it, and that he was ready, willing, and able to pay for it. Was there, then, such a disability on the part of appellant as is alleged in the seventh count of the complaint?

The evidence in this case shows that the appellee, when he shipped the hay, took a bill of lading therefor, in the name of Norwood & Co., from the carrier, and attached the same to a draft on Norwood & Co., for the purchase price of the hay. The appellee placed this draft in a Selma bank for collection in Birmingham, Ala. There is no doubt that the Birmingham bank receiving the draft with bill of lading attached from the Selma bank was the agent of the appellee.—*Eufaula Gro. Co. v. Missouri Nat. Bank,* 118 Ala. 408, 24 South. 389.

In the case of *Robinson & Ledyard v. Pogue & Son,* 86 Ala. 257, 5 South. 685, it was said: "Where goods have been sold, and are delivered by the vendor to a common carrier, consigned without reservation to the vendee, the question as to whether the title, eo instanti, passes to such consignee, depends upon the intention of the vendor, to be gathered from all the circumstances of the case. There is no doubt as to the correctness of the general rule that where the bill of lading shows a consignment by the vendor to the vendee, in ordinary form, and no other circumstances appear as to the intention, the prima facie legal presumption is that an unconditional delivery to the consignee is contemplated. But this presumption of fact may be rebutted by evidence showing a contrary intention.—*Jones v. Sims,* 6 Port. 138 (1837), and other cases cited. The title of the goods is commonly retained in the consignor by taking the bill of lading to his own order, or in blank, or by drawing on the consignee with the bill of lading attached to the draft, or other like procedure, indicating an intention to retain in himself a jus disponendi over

the goods until the price is paid, or until the happening of some other contingency."—*McCormick v. Joseph,* 77 Ala. 236, and other cases cited. When appellee deposited his draft for the purchase price of the hay, with the bill of lading thereto attached, in the Selma Bank, for collection in Birmingham, Ala., he made the Selma Bank, and through it the Birmingham bank, his agent with full power of disposition over the hay in question according to the terms and tenor of the draft and bill of lading. The delivery of the bill of lading was the symbolic delivery of the hay for all the purposes incident to the collection of said draft and the delivery of said bill of lading. "A bill of lading stands for and represents the goods therein receipted for during their transit, and until they are completely delivered to the person entitled to them, but no longer."—*American Nat. Bank v. Henderson,* 123 Ala. 612, 26 South. 498, 82 Am. St. Rep. 147; *Allen Bethune & Co. v. Maury & Co.,* 66 Ala. 10. When the Birmingham bank, which had all of the title of the transferror, the Selma bank, and all of the title of the appellee to the draft and bill of lading, surrendered said draft and bill of lading to Norwood & Co., or to Norwood, it was in law but the act of the appellee. It binds him as effectually as if he in person had delivered it.

It is true that Norwood & Co., as shown by the evidence, had refused to accept the hay before the same was placed in the hands of Peace for sale, if in fact he ever had any custody thereover. This act of refusal did not preclude said Norwood & Co., from again purchasing it if they so desired, and the vendor was willing to sell. It nowhere appears that any demand had ever been made upon Norwood & Co., by the bank for the payment of said draft, or that Norwood & Co. had refused to pay it or accept it; it does not appear that said

bank had any notice whatever that Peace had been authorized by appellee to sell and deliver the hay to some person other than Norwood & Co.; it does not appear that any of the power or authority the bank had over the disposition of the bill of lading was ever revoked, or that appellee ever notified the Selma bank or the Birmingham bank that Norwood & Co. had refused the hay. So far as the evidence set out in the bill of exceptions, which purports to set out all of the evidence, shows, the Birmingham bank had full power and authority to surrender said draft and bill of lading upon the payment of the amount for which the draft was drawn. It appears that Norwood & Co., or Norwood, took up the draft and bill of lading on the 18th day of February, 1910. This fact was known to Peace and to the Birmingham bank, and through them it was known to appellee, on that day. There is nothing said about the bona fides of the bank in surrendering the draft and bill of lading to Norwood. So far as the record or the bill of exceptions discloses, the act of the bank was a perfectly valid and binding act. If it be asserted that Norwood & Co. had no right to go to the bank and take up the draft and bill of lading after having refused the hay, or if it be aserted that the act of Norwood & Co. in taking up the draft and bill of lading after refusing the hay was a fraudulent act, yet it appears that the appellee elected to affirm and enforce said sale, for nowhere does it appear that from the 18th day of February, 1910, down to the time of the filing of said seventh count, on, to-wit, the 17th day of June, 1910, the act of the bank in delivering the draft and bill of lading to Norwood & Co. was rescinded by the appellee.

"When a consignor draws upon the consignee for the purchase money, and the draft with bill of lading attached is accepted and paid by the consignee, the title

to the goods described in the bill of lading vests in the consignee."—*Loeb v. Peters,* 63 Ala. 243, 35 Am. Rep. 17; *American Nat. Bank v. Henderson,* 123 Ala. 612, 26 South. 498, 82 Am. St. Rep. 147.

It is evident that both Peace and Veitch contemplated that the delivery of the bill of lading should be the symbolical delivery of the hay. The delivery by the bank of the draft, with bill of lading attached, to Norwood & Co., was never repudiated by appellee, and such delivery was sufficient to vest in the consignee the title to the goods in question. By that act the appellee is bound.—*Allen Bethune & Co. v. Maury & Co.,* 66 Ala. 10, 18, 19.

The appellee, before the time for the delivery of the hay under the contract of purchase had expired, disabled itself from complying with its contract by selling and delivering the hay to another person than appellant, and at a time when the appellant was ready, willing and able to receive it and pay for it. It is therefore apparent that the trial court erred in refusing to give the general affirmative charge in behalf of the appellant as requested by him.

Reversed and remanded.