(88 South. 865)

**ALABAMA TAILORING CO. v. JUDKINS.**
(6 Div. 287.)

(Supreme Court of Alabama. April 21, 1921.)

**1. Sales** ⬳52(1)—Where contract gave seller option to forfeit payments for buyer's misrepresentations, seller has burden of proving misrepresentations.

Where a contract for the sale of clothing, a certain term of credit to be extended the

buyer, provided that, in event of the buyer's misrepresentation as to his place of residence or of his employment, the seller might terminate the contract and forfeit payments already made, the seller, to justify forfeiture of payments made, has the burden of proving misrepresentations.

**2. Sales ⬡⟶85(1)—Contract held not to require buyer to continue in same residence.**

Though a contract for the sale of clothing on installments provided that in event of misrepresentations of the buyer as to his place of residence or employment, the seller might terminate the same and forfeit payments made as liquidated damages, the buyer is not bound to continue in the same residence or employment as of the date of the contract; the provision referring merely to the residence and employment at that time.

**3. Sales ⬡⟶50 — Provisions of contract for seller's benefit may be waived.**

Provisions in a contract of sale for benefit of the seller may be waived, so, where the seller, after learning that the buyer had misrepresented his place of residence, which misrepresentation was ground for rescission and forfeiture on payments made, accepted a further payment, the misrepresentation was waived.

**4. Contracts ⬡⟶261(2) — Contracting party cannot rescind because of his own breach.**

A contracting party cannot rescind because of his own breach, but his right must be afforded by the opposite party.

**5. Contracts ⬡⟶262 — Grounds for rescission may be waived, and waiver cannot be recalled.**

Grounds for rescission of a contract may be waived by the party in whose favor the ground for rescission exists, and a waiver, once made, cannot be recalled.

**6. Sales ⬡⟶391(5)—Buyer held not entitled to recover in assumpsit sums paid on theory of rescission.**

Where a seller of clothes on installments waived any right to forfeit payments made on account of the buyer's misrepresentation as to place of residence, and the buyer waived any right to demand extension of contemplated credit by stating he would make payment in full and remove the clothes, the buyer cannot, having paid only half of the sum due, and the seller being ready to deliver on full payment, recover payments made on the theory that there was a rescission because the seller requested full payment.

**7. Sales ⬡⟶174—Buyer bound to execute conditional contract of sale before removing goods.**

Where a contract for the sale of clothes on installments contemplated that credit should be extended to the buyer on his executing a conditional sale agreement, the buyer cannot, where he did not offer or tender execution of such agreement, put the seller in default because of the seller's refusal to deliver the clothes without full payment.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Assumpsit by Cleveland Judkins against the Alabama Tailoring Company. Judgment for plaintiff and defendant appeals. Transferred from court of appeals, under section 6, Acts 1911, p. 449. Reversed and remanded.

Ellis & Matthews, of Birmingham, for appellant.

The court improperly construed the contract, and erred in rendering the judgment, which this court will reverse, and render such judgment as should have been rendered. Section 5361, Code 1907.

W. T. Hill, of Birmingham, for appellee. No brief came to the Reporter.

McCLELLAN, J. The plaintiff (appellee) brought this action in assumpsit, using the common counts, to recover of defendant (appellant) $18.25, which had been paid by plaintiff to defendant under the circumstances to be stated. On the trial in the circuit court (without jury), to which the defendant had appealed from a judgment for plaintiff in the municipal court, judgment was again rendered for plaintiff.

The defendant was engaged in the tailoring business in September, 1917. On the 17th day of September, 1917, plaintiff "ordered" the defendant to make for him a suit (coat and trousers) of clothes, from a designated stock pattern, at the sale price of $36.50. A written agreement was signed by the plaintiff and defendant. In this instrument a cash payment of $1.50 was required at the time of signing, which was done, and a measure of credit was assured the purchaser in provisions to be later quoted. On the dates stated the plaintiff paid additionally, September 29, 1917, $1, October 5, 1917, $2.50, and on October 13, 1917, $13.25, the total amount paid aggregating $18.25, one-half of the sale price.

In this instrument the plaintiff (purchaser) represented and stipulated that he resided at a certain place (street and number) in the city of Birmingham, and that he was employed by a certain industrial company in the capacity of laborer. The instrument provided especially that a misrepresentation of the purchaser's place of residence or of his employment and its capacity, etc., should determine the seller's obligations in the premises, and that the seller should have the option to convert the payments therein above described into liquidated damages for services rendered and as damages to the goods of which the suit should be made.

[1, 2] There were other provisions in the writing having reference to forfeitures in circumstances defined. The instrument's provisions as to the buyer's place of residence and employment had reference only to the time the contract was executed, viz. Septem-

ber 17, 1917. There is nothing therein that assumed to obligate the buyer (plaintiff) to maintain, for any length of time, that as his place of residence, or to continue, for any length of time, in the employment recited in the instrument. Necessarily, therefore, the stipulations for an option in the seller (defendant) to determine the obligations of the seller (defendant) and to convert previous payments into "liquidated damages" for services rendered and damage to the goods were referable alone to the status of residence and employment set down in the writing. Assuming, for the occasion only, the validity of these provisions for forfeiture, etc., the burden was on the defendant to establish, at least prima facie, the falsity of these representations. The burden was not met by the defendant, or otherwise discharged in the evidence. The questions to the witness Crump, to which plaintiff's objections were sustained, seeking to show what Cora Roden said with reference to plaintiff's not residing at that street number on October 13, 1917, were well excluded, for the reason, if not others, that the stipulations in the writing as to the buyer's residence and employment alone referred to September 17, 1917, and not to the later date in the month of October, 1917.

[3] Nevertheless, if it should be assumed, for the occasion, that a misrepresentation by plaintiff (buyer) as to the place of his residence and his employment was made, thereby investing the defendant (seller) with the right under the contract to exercise the exculpatory option assured in the writing and resulting in the conversion of the anterior payments into liquidated damages, these provisions were for the sole benefit of the seller (defendant), and could be waived by the seller. If not otherwise, this seller (defendant) did waive the option and those rights by accepting, on October 13, 1917, the payment of $13.85 after it had been informed that the buyer (plaintiff) did not reside at the place designated in the contract, and was not employed as therein stated. But from this status of waiver the inclination of the present judgment does not necessarily follow; the assignment of error bringing into question the sufficiency of the evidence to justify the finding and judgment of the court trying the case without jury. Code, § 5361. The consideration of this question reverts to the cause of action declared on in the complaint (common counts), and refers its solution to the inquiry: Does the evidence support the trial court's finding in the premises?

[4, 5] As stated, the plaintiff (buyer) sues in assumpsit (common counts only) to recover what he had paid defendant (seller) on the purchase price of the clothes. The clothes having been made by the seller (defendant), and the plaintiff (buyer) having paid half the purchase price, the only possible theory of right in the plaintiff to recover in assumpsit (money had and received) the one-half of the purchase price he had paid is that a rescission, an annulment, of the contract had been effected before demand made or this suit brought. One who has paid money under a contract that is later rescinded may recover in assumpsit the sum paid, provided, of course, there are no intervening obstacles to his assertion of this right. 2 Black on Rescission and Cancellation, § '703; Harper v. Claxton, 62 Ala. 46, 48. A contracting party cannot, of course, rescind the contract because of his own breach, fault, or wrong. His right to rescind may be afforded by the other party to the contract. If this contract was not rescinded at the time plaintiff (buyer) demanded the money he paid on the purchase price of the clothes, or at the time this suit was instituted, it is evident this plaintiff should not recover what he had paid; and if rescission had not extinguished the contract, any remedy he might have was on or under the contract. However, he has not sued for a breach of the contract, an action on or under the contract; but he has sued on the sole theory, in the distinctive right, that the contract has been rescinded. Grounds for rescission may be waived by the party in whose favor the basis of the ground for rescission exists; and a waiver, once made, cannot be recalled. Black on Rescission and Cancellation, § 590; 13 C. J. pp. 670–673. If the alleged misrepresentation of the buyer's (plaintiff's) then place of residence and employment authorized the seller (defendant) to rescind the contract or to exert the option provided in the contract, the seller (defendant) for whose benefit these stipulations were made waived the advantages of each of them by accepting the payment of $13.25 after knowledge of them had come to the seller, thereby evincing, unmistakably, the seller's recognition of the contract as still continuing. The contract was not, in fact, rescinded by the seller (defendant); but, to the contrary, under the undisputed evidence, the seller, offered to deliver the clothes upon the buyer's paying in full the balance of the purchase price.

[6] The only possible ground upon which the buyer (plaintiff) could assert a breach of the contract by the seller (defendant) arises out of the provisions of the contract as follows:

"* * * And when said amount [$5.00] shall have been paid, and said goods shall have been cut, and made up, the undersigned agrees to pay $―― on delivery and sign a conditional contract of sale, the terms of which will retain the title to the above-described goods, when made into clothing, in the said Alabama Tailoring Company; and when said contract blank assignments and order coupons thereto attached shall have been signed, said goods are to be delivered to the undersigned obligor."

The evidence for plaintiff went to show that shortly before the suit was commenced,

October 19, 1917, the seller (defendant) refused to restore to plaintiff's counsel the money ($18.25) plaintiff had paid to defendant, and that the defendant did offer to deliver to plaintiff's counsel the clothes on the sole condition that plaintiff pay the balance of the agreed purchase price of the clothes. The contract did not contemplate that payment should be made in the manner or on the terms this offer of the defendant expressed. On the contrary, the last-quoted terms of the contract intended a conditional sale and retention of title, a measure of credit to the buyer. If the buyer's rights under the contract had not been qualified by his own conduct and declarations, made previous to this unauthorized restrictive offer to his counsel, the buyer might have well charged the seller with an avoiding breach of the contract, and have therefore justly demanded the restoration of the $18.25 he had paid on his clothes. It was shown without dispute by defendant's witness Crump that, on the day of the last payment (October 13, 1917), or the next day, plaintiff "said he would get the balance due on the suit and return later, pay same, and get the suit." The offer to plaintiff's counsel consisted with this undisputed statement attributed by Crump to plaintiff. The provision for a conditional sale of the clothes, and for delivery of the clothes under the quoted terms of the contract, were for the benefit of the buyer, the plaintiff, if he desired time or credit. His statement to Crump, proven without dispute, was inconsistent with reliance upon these (quoted) features of the contract, and tokened an entire willingness and purpose not to claim any advantage therefrom; to the contrary, to pay the balance in cash and take the clothes. Hence the plaintiff had no existing, unwaived ground or basis upon which to rest a claim of breach of the contract by defendant, and, in consequence, to assert an effected rescission, whereupon he would become entitled to recover, in assumpsit, as for money had and received.

[7] Furthermore, the quoted provisions of the contract, stipulating for the buyer's benefit that he might execute the conditional sale papers, contemplated that the buyer's execution of a conditional sale instrument should be coincident with, if not precede, delivery of the clothes; and hence the buyer could not become entitled even to the delivery of the clothes contracted for without performing on his part this material feature of the contract. McGehee v. Hill, 4 Port. 170, 29 Am. Dec. 277; Ledyard v. Manning, 1 Ala. 156; Broughton v. Mitchell, 64 Ala. 210, 222, 223; Jones v. Sommerville, 1 Port. (Ala.) 437; Brady v. Green, 159 Ala. 482, 48 South. 807. Certainly this buyer could not rescind the contract, or claim the advantage of a right to restoration of what he had paid under the contract, because of a default on the part of the seller, when, as here, the buyer had a duty to perform (if not waived) for the benefit and protection of the seller that was due to be performed either precedent to the seller's act or contemporaneously therewith.

The considerations stated conclude against the plaintiff's (buyer's) right to recover in assumpsit the money he had paid to defendant; the contract not having been rescinded.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.