VIRGINIUS A. TURPIN, RECEIVER, ETC., PLAINTIFF IN ERROR, v. ISAAC P. COATES, AND OTHERS, DEFENDANTS IN ERROR.

| 12 | 321 |
| 15 | 18 |
| 16 | 496 |
| 20 | 630 |
| 12 | 321 |
| 26 | 150 |
| 12 | 321 |
| 38 | 531 |

Error: FINAL ORDER. An order discharging garnishees is an order affecting a substantial right, in a special proceeding, that may be reviewed on error before final judgment in the action.

MOTION to dismiss proceedings in error.

E. Wakeley, for the motion, cited Lane v. Fellows, 1 Mo., 353. Newman v. Dick, 23 Ill., 338. Lawless v. Reese, 3 Bibb., 479. State v. Wood, 23 N. J. L., 560. King v. Mayor, 36 N. Y., 182, defining "Special Proceedings." Erie Bank v. Brawley, 8 Watts., 539. Nacooche v. Shaw, 40 Ga., 492. Adams v. Church, 22 Mich., 79. Coates v. Cunningham, 80 Ill., 467.

J. R. Webster, contra.

MAXWELL, J.

In August, 1880, the plaintiff, as receiver of the Fidelity Savings Bank and Safe Depository, commenced an action in the district court of Lincoln county, against

21

Isaac P. Coates, George A. Schufelt and John H. Rea, to recover the sum of $6,011.95, and interest from October 4, 1878. Affidavits for attachment of the property of the defendants were made and filed, and an order of attachment issued, and returned no property found. An affidavit was then filed, alleging that certain parties named therein, residents of Lincoln county, were indebted to Coates. Copies of the order of attachment and the notice of garnishment were then served upon the parties designated, who appeared in court at the time stated in the notice, and testified as to the alleged indebtedness. The court found that nothing was due from the garnishees to Coates and discharged them. The plaintiff brings the cause into this court by petition in error. There is a stipulation in the record, that the cause shall not be tried until the dispositon of a cause pending in the courts of Illinois, for the same indebtedness, but that the plaintiff may proceed to take the answers of the garnishees in the action.

The question to be determined is, will error lie from an order discharging garnishees before the final determination of the case?

Section 581 of the code provides that: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed," etc.

The attorney for the defendants contends that proceedings in garnishment are not special proceedings. And he now moves to dismiss the action upon the ground, that there being no final judgment in the action, error will not lie.

· Section 581 of our code is a copy of section 512 of the code of Ohio. In the case of *Watson & Co. v. Sullivan,* 5

Ohio State, 43, the plaintiff commenced an action against the defendant in the court of common pleas and caused an attachment to be issued and levied on the property of the defendant. The attachment was dissolved before final judgment. The case was taken on error to the supreme court and the same objection made as is now urged in this court, viz: that an attachment was not a special proceeding, and that error would not lie from an order dissolving the same before final judgment. The court say: (page 45,) "Indeed the action, when there is personal service, in no manner depends on the attachment. There may be a just cause of action, and no grounds for the order of attachment. They are separate proceedings, and in the opinion of this court, the attachment is a special proceeding, which may be reversed before the determination of the action."

The object of an attachment is to obtain sufficient property or credits of the debtor to satisfy the judgment which may be recovered. This right under certain conditions the statute gives. If a court improperly deprives a party of the benefit of this proceeding, is he not thereby deprived of a substantial right? A special proceeding may be said to include every special statutory remedy which is not in itself an action. We have no doubt that an order discharging garnishees, is an order affecting a substantial right, made in a special proceeding. Such an order in many cases would entirely defeat the collection of a debt. Neither is it necessary to wait until final judgment before such order can be reviewed. No judgment can be rendered against the garnishees until after final judgment against the debtor; but if the attachment is not dissolved the creditor has a right to the security obtained by the proceedings in garnishment for the satisfaction of any judgment he may obtain. In the case at bar the testimony shows beyond question that the notes were given by the garnishees, for the unconditional payment of

money; that they are past due, and are not paid. The testimony tends to show, that Coates claims to be, and is the owner, but that there is a dispute as to the actual ownership of a part or all of the amount due. We think a clear preponderance of the testimony shows that Coates is the owner of the notes, at least there is sufficient shown to justify the court in refusing to discharge the garnishees. The motion to dismiss is overruled, and the judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.