ADAMS COUNTY BANK, PLAINTIFF IN ERROR, V. G. S.
MORGAN, DEFENDANT IN ERROR.

[FILED MARCH 27, 1889.]

1. **Attachment**: DISSOLUTION: UNDERTAKING. Where a motion
to discharge an attachment is sustained, and the plaintiff fails
to file an undertaking for the retention of the attached prop-
erty, while he thereby loses his attachment lien on such property,
yet as the order discharging the attachment is a final order, he
may have it reviewed on error. In other words, the undertaking
mentioned in section 236e of the Code is necessary only for the
purpose of retaining the attachment lien pending the proceed-
ings in error.

2. ————. Evidence examined, and *held*, to show no cause for an at-
tachment.

ERROR to the district court for Adams county. Tried
below before GASLIN, J.

*Batty & Casto,* for plaintiff in error.

*A. H. Bowen,* and *C. Hoeppner,* for defendant in error.

MAXWELL, J.

In March, 1887, the plaintiff commenced an action by
attachment against the defendant to recover the sum of
$520.90. The defendant thereupon filed a motion, sup-
ported by affidavits, to discharge the attachment. Counter
affidavits were filed, and on the hearing the attachment
was dissolved. To this the plaintiff excepted, but did
not ask the court to fix the number of days in which to
file an undertaking and petition in error for a review in
this court of the ruling complained of, and no such under-
taking has been given. The defendant contends that, by
reason of the failure to comply with the statute in this
respect, it deprives the plaintiff of the right of such review.

Section 236e of the Code of Civil Procedure provides: "That when an order discharging an order of attachment is made, and any party affected thereby shall except thereto, the court or judge shall fix the number of days, not to exceed twenty, in which such party may file his petition in error, during which time the property attached shall be held by the sheriff or other officer, during which period the petition in error shall be filed, and the party filing the same shall give an undertaking to the adverse party, with surety or sureties to be approved by the court, in double the amount of the appraised value of the property attached, conditioned to pay said adverse party all damages sustained by such party in consequence of the filing of said petition in error, in the event that such order of attachment shall be discharged by the court in which said petition in error shall be filed, as having been unlawfully obtained."

This section applies alone to the retention of the lien of the attachment; that is, if the attaching creditor desires to retain his attachment lien upon the property attached until the ruling on the motion to discharge can be reviewed in the appellate court, he must, within such time as the court shall fix, not exceeding twenty days, give an undertaking to the adverse party, with approved sureties, in double the appraised value of the property, conditioned, etc. If the undertaking is not given, the property will be released absolutely from the lien of the attachment, but such failure goes no further than that.

Section 581 of the code declares that: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed, as provided in this title."

Section 582 provides that: "A judgment rendered or final

order made by the district court, may be reversed, vacated, or modified, by the supreme court for errors appearing on the record."

A ruling of the district court discharging an attachment is a final order and is subject to review. (*Turpin v. Coates*, 12 Neb. 321.) In the case cited it is said that: "The object of an attachment is to obtain sufficient property or credits of the debtor to satisfy the judgment which may be recovered. This right, under certain conditions the statute gives. If a court improperly deprives a party of the benefit of this proceeding, is he not thereby deprived of a substantial right? A special proceeding may be said to include every special statutory remedy which is not in itself an action. We have no doubt that an order discharging garnishees, is an order affecting a substantial right, made in a special proceeding. Such an order in many cases would entirely defeat the collection of a debt. Neither is it necessary to wait until final judgment before such order can be reviewed. No judgment can be rendered against the garnishees until after final judgment against the debtor; but if the attachment is not dissolved, the creditor has a right to the security obtained by the proceedings in garnishment for the satisfaction of any judgment he may obtain."

The discharge of the attachment whereby the plaintiff was deprived of his lien upon the property in question, was a final order, and subject to review in this court, although no undertaking was given. The plaintiff has the right to protect itself, if it can, from liability for costs or damages by reason of the attachment proceedings, and therefore may have the evidence and points of law arising in the case reviewed in the supreme court. This objection, therefore, is of no avail.

The testimony fails to show any cause for an attachment. The defendant was engaged in the grocery business at Hastings. The plaintiff claims that at the time he commenced business with it, he represented that Sloan, Johnson & Co.,

of Omaha, were silent partners in the business. The defendant swears that he stated that Mr. Sloan, of Sloan, Johnson & Co., was a silent partner, and such seems to have been the fact; yet the plaintiff before attaching the defendant's property seems to have made no inquiry of Mr. Sloan, or of Sloan, Johnson & Co., as to the facts concerning the alleged partnership. Had such inquiry been made of Mr. Sloan, it is evident that no attachment would have been issued. In any event there is an utter failure to prove any of the grounds for the attachment, and the order discharging the same is right, and is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.