GEORGE Z. WORK ET AL., APPELLANTS, V. HARVEY E.
BROWN ET AL., APPELLEES.

FILED NOVEMBER 28, 1893.   No. 4967.

1. **Garnishment:** SUFFICIENCY OF ANSWER OF GARNISHEE:
   FAILURE TO OBEY ORDERS OF COURT.   A garnishee who an-
   swers fully and in good faith as to the matters in garnishment
   proceedings and obeys the orders of the court will be fully pro-
   tected; but if his answer is evasive, equivocal, and in the inter-
   ests of one or more creditors, and he fails to obey the orders of
   the court in relation to the property or money in his hands, he
   acts at his peril.

2. **Liability of Garnishee for Interest on Funds in His
   Hands.**   *Held,* That the plaintiffs were entitled to interest on
   $223.57, and the judgment so modified.

3. **The lien of transcripts of judgments** rendered in the
   county court is governed by section 18, chapter 20, Compiled
   Statutes.

APPEAL from the district court of Johnson county.
Heard below before APPELGET, J.

*S. P. Davidson,* for appellants, cited: *Russell v. Lau,* 30
Neb., 812.

*Clarence K. Chamberlain, contra:*

Transcripts of judgments rendered in the county court
become liens when filed in the office of the clerk of the
district court. (Sec. 18, ch. 20, Comp. Stats.; *Eaton v.
Ryan,* 5 Neb., 47; *Lamb v. Sherman,* 19 Neb., 681.)

*Daniel F. Osgood,* also for appellees.

MAXWELL, C. J.

This is an action in the nature of a creditor's bill to set aside a mortgage alleged to be fraudulent, and to have the priority of the liens claimed by the respective parties determined, and to have the real estate covered by such liens sold, and the proceeds applied in satisfaction of said liens, according to their priority.     Plaintiffs allege in their petition that on the 18th day of August, 1888, they commenced an action in the district court of Johnson county, Nebraska, against said Harvey E. Brown, to recover the sum of $420.63 and interest and costs, and caused an order of attachment to issue therein, which was on same day, at 4 o'clock P. M., levied upon the undivided one-half of lot 6, in block 2, in the village of Elk Creek, Johnson county, Nebraska, as the property of said Brown, and the same then became and still is a subsisting lien upon said property; that on the 23d day of May, 1889, said cause came on for hearing in said court, and judgment was entered in favor of said plaintiffs for $434.63 and costs, taxed at $44.48, and that the property attached be sold and the proceeds of sale be applied in satisfaction of said judgment remaining unpaid by the proceeds of the garnishment process; that at the commencement of said action plaintiffs caused garnishment process to issue, which was served upon James D. Russell as garnishee, and in compliance with the command thereof said Russell answered that under a chattel mortgage executed by Brown to him he had taken possession of the property of Brown covered by the mortgage, and in accordance with its terms had sold enough thereof to satisfy his claim secured by said mortgage, and $237 more, which sum of $237 he still held in his hands, and the court thereupon ordered said Russell to pay said surplus so remaining in his hands into court, to be applied upon said judgment and costs, which sum the court erroneously found amounting to $260 with interest; that afterwards one H.

P. Lau, claiming a lien upon said surplus in the hands of Russell, prior to the garnishment lien of these plaintiffs, brought suit therefor against Russell in said district court, and on the 19th day of November, 1889, after a full hearing of all the facts in said last mentioned case, it was adjudged by the court that the lien of Lau upon the surplus in Russell's hands was prior and superior to the garnishment lien of these plaintiffs, and Russell had been compelled by said judgment to pay said surplus to said Lau; by reason whereof these plaintiffs have been compelled to surrender all claim upon the surplus by reason of said garnishment order, and rely exclusively upon their attachment lien upon said real estate to satisfy their said judgment, which remains wholly unpaid, and there is due thereon $513.53, and interest from February 14, 1891. The petition sets out a mortgage executed by said Harvey E. Brown to his wife Ellen Brown, and alleges that the same was given without consideration, fraudulently, for the purpose of hindering and delaying his creditors, and that Harvey E. Brown is insolvent, and that execution was issued upon said judgment in favor of these plaintiffs and returned unsatisfied for want of property whereon to levy; that W. V. Morse & Co., R. L. McDonald & Co., and the other defendants, naming them, claim some interest in or lien upon said real estate, as judgment creditors of said Harvey E. Brown, the true nature of which is unknown to plaintiffs, but the same is second, subordinate, and inferior to said attachment lien of these plaintiffs. The prayer is that said mortgage may be canceled, annulled, and set aside; that said order in garnishment be vacated and set aside; that plaintiffs' said attachment lien be declared the first and best lien upon said real estate for the full amount alleged to be due thereon as above mentioned; that said attached real estate be sold and the proceeds applied in satisfaction of said plaintiffs' attachment lien and costs, and the balance, if any, be applied as this court may direct; and that plaintiffs may have general relief.

Neither Brown nor his wife answered. W. V. Morse & Co., and the other defendants, who are judgment creditors of said Brown, each filed an answer setting up their respective judgments against said Brown and claiming the priority of lien by reason thereof, and allege that by reason of the garnishment proceedings set out in plaintiffs' petition, plaintiffs' attachment lien has been satisfied to the amount of $237, the surplus in the hands of the garnishee. To each of these answers plaintiffs file general denials.

At the April term, 1891, of the district court this cause was tried. Mr. Russell made an equivocal answer in the garnishment case and did not pay the money into court as ordered, and it does not clearly appear that he acted in good faith with other creditors of Brown. A garnishee, so far as different creditors are concerned, is a mere stakeholder. He should have no interest in the disposition of the funds to one creditor more than another. If he acts in good faith and answers fully and unequivocally in regard to the matters on which the garnishment is based, he will be protected. If he fails to do this, he does so at his peril. If he is garnished in more than one case, he must bring that fact to the knowledge of the court by answer or supplemental answer and invoke its protection. (Drake, Attachment, sec. 630a.) The court did not err, therefore, in refusing to credit him with the $237.50, which he claims to have paid as garnishee. Plaintiffs were entitled to interest, however, on the residue at the legal rate, and the clerk is directed to compute interest on $223.57 to the date of the judgment in the district court, and to that extent the judgment of the court below is modified.

The lien of a judgment rendered in the county court and a transcript filed in the district court is created by section 18, chapter, 20, Compiled Statutes, as follows: "Any person having a judgment rendered by a probate court may cause a transcript thereof to be filed in the office of the clerk of the district court in any county of. this

state, and when said transcript is so filed, and entered upon the judgment record, such judgment shall be a lien on real estate in the county where the same is filed, and when the same is so filed and entered upon such judgment book, the clerk of such court may issue execution thereupon in like manner as execution is issued upon judgments rendered in the district court." The section above quoted makes a transcript of a judgment of the county court a lien from the date of filing in the district court. The lien of a judgment is created by statute and depends for its validity thereon. The statute in question is a special provision applicable to judgments in county courts and applies in this case. The court did not err, therefore, in establishing the priority of liens. The judgment as modified is affirmed.

JUDGMENT ACCORDINGLY.