# American National Bank *v.* Henderson & Co.

## *Statutory Trial of the Right of Property.*

1. *Bill of lading; transfer to one who discounts attached draft vests title in property.*—A bill of lading stands for and represents the goods therein receipted for during their transit, and until they are completely delivered to the person entitled to them; and if the consignor of goods shipped draws upon the consignee for the purchase price thereof, and the draft, with the bill of lading attached, is indorsed and transferred to a third party who discounts such draft, a special property in the goods shipped thereby passes to the transferee, subject to be divested by the acceptance and payment of the draft; but if the consignee refuses to accept and pay the draft, the title of such transferee to the property becomes absolute as against the consignor and his creditors.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. J. W. FOSTER.

Charles Henderson & Co. instituted a suit against the International Export Corn & Oil Company, and sued out a writ of attachment as ancillary to said suit. This writ of attachment was levied upon a car load of corn in the city of Troy, Alabama. After the levy upon said corn, the American National Bank interposed a claim to said corn, and a trial of the right of property was instituted for the corn so levied upon by making an affidavit of claim and claim bond. On the trial of the claim suit it was shown that in February, 1898, the Troy Grocery Company ordered from the International Export Corn & Oil Company of Kansas City, Mo., a car load of corn; that the corn so ordered was shipped to Troy, and after its arrival the attachment in favor of Charles Henderson & Co. was levied upon it.

It was shown by the evidence for the claimant that a draft on the Troy Grocery Company for the purchase price of said corn with bill of lading attached was sent

to the Farmers' & Merchants' Bank of Troy for collection, and was presented to the Troy Grocery Company, but that the same was not paid.

It was further shown by the evidence for the claimant, that after shipping the corn to the Troy Grocery Company, the International Export Corn & Oil Company, brought to the American National Bank of Kansas City, Mo., the draft on the Troy Grocery Company, for the purchase price of the car load of corn with the bill of lading attached thereto, and the American National Bank, the claimant in this suit, discounted said draft for the International Export Corn & Oil Company; that the discount on said draft was in accordance with an arrangement, which had been made by the International Export Corn & Oil Co. and other dealers, by which the bank purchased drafts drawn on buyers of corn and other produce when there was attached to said draft the bill of lading; that by the transaction in the present case, there was an indorsement and delivery to the claimant of the bill of lading attached to the draft, which was discounted by the claimant; that by this transaction and others of a similar character, there was a sale to the bank from the International Export Corn & Oil Company. The rate of discount charged by the American National Bank was $\frac{1}{4}$ of 1 per cent.

Upon the introduction of all the evidence, the court at the request of the plaintiffs, gave to the jury the following, among other charges: (5.) "If the transfer, or indorsement, on the bill of lading and delivery of the draft to the claimant bank, was for collection for defendant grain company, and not a sale of same, and the said bank had not purchased said corn when the attachment was levied, the jury should find the issue for the plaintiff." To the giving of this charge the claimant separately excepted, and also separately excepted to the court's refusal to give the following, among other charges, requested by it: "If the jury believe the evidence, they must find for the claimant."

There were verdict and judgment for the plaintiff. The claimant appeals, and assigns as error the giving of the charges requested by the plaintiff, and the refusal to give the charge requested by the claimant.

FOSTER, SAMFORD & CARROLL, for appellant, cited *Du-Bois v. State*, 50 Ala. 139; 3 Brick. Dig., 114, § § 114, 115; 4 Amer. & Eng. Encyc. of Law, 546, 547, note; *Thomes v. Seaman*, 81 U. S. Rep. 94; Code of 1896, § 4222.

R. L. HARMON, *contra*, cited 3 Brick. Dig., 113, § 107; 1 Brick. Dig. 336, § § 11, 13; *Walker v. State*, 96 Ala. 55; *Schaungut v. Udell*, 93 Ala. 302.

TYSON, J.—The facts are without dispute that the defendant on the 2d day of March, seven days before the suing out of the attachment by the plaintiffs, transferred by indorsement and delivered the bill of lading covering the shipment of the corn, the title to which is in controversy. This indorsement and delivery to the claimant of the bill of lading, upon its discount of the draft to which it was attached, was a transfer to it of the title to the corn *in transitu* as effectually as if the corn itself had been delivered.—4 Am. & Eng. Ency. Law (2d ed.), 564, and note 1; Porter on Law of Bills of Lading, § 421; *Allen, Bethune & Co. v. Maury & Co.*, 66 Ala. 10. The theory upon which the question of title to the corn was submitted to the jury seems to have been that the evidence was susceptible of a reasonable inference that the transaction between the defendant and claimant by which the bill of lading was transferred, did not amount to a sale of the corn, but to a mere pledge of it. It may be conceded, although the facts disclosed by the record do not warrant it, that the transaction was a mere pledge of the corn to secure the draft and its indorsement, discounted by the claimant for the defendant; yet this would not affect their right to maintain the claim suit. "When the consignor draws upon the consignee for the purchase money, and the draft, the bill of lading attached, is indorsed or transferred to some one who discounts the bill of exchange, a special property in the goods thereby passes to the transferee, subject to be divested by the acceptance and payment of the draft. And if the consignee refuses to accept the draft, the title of such transferee becomes absolute. But the acceptance and payment by the con-

signee of the draft, accompanied with the bill of lading
or shipment receipt, vest the title to the goods in him.
A bill of lading stands for and represents the goods
therein receipted for during their transit and until they
are completely delivered to the person entitled to them,
but no longer."—4 Am. & Eng. Ency. Law, 548, note 1;
Porter on Law of Bills of Lading, § § 511, *et seq.* Such a
pledge of a bill of lading received in good faith operated
as a vesture of a title to the corn in the claimant as
against the consignor and his creditors.—4 Am. & Eng.
Ency. Law, 631; *Lock v. Peters,* 63 Ala. 243; *Chandler
v. Sprague,* 38 Am. Dec. 404, and note on pages 419, 420
and 421.

The affirmative charge, as requested by claimant,
should have been given.

The judgment is reversed and cause remanded.