### E. D. MATHER vs. ABRAHAM GORDON ET AL.

First Judicial District, Hartford, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

One who discounts a draft upon the security of the goods represented by an accompanying bill of lading, thereby acquires, if not an absolute ownership of the goods, at least a right of property and of exclusive possession as security for the money so advanced; and this right or title is superior to that of a creditor of the consignor who attaches the goods while in the custody of a common carrier.

Argued October 11th—decided December 16th, 1904.

ACTION in the nature of conversion for a car-load of potatoes, brought to and tried by the Court of Common Pleas in Hartford County, *Coats, J.;* judgment for plaintiff for $286, and appeal by the defendants. *No error.*

*Bernard F. Gaffney,* for appellants (defendants).

*Joseph L. Barbour* and *Raymond Trainor,* for the appellee (plaintiff).

TORRANCE, C. J.   The plaintiff claims that the defendants wrongfully converted to their own use a car-load of potatoes belonging to him.   The defendants claim that the potatoes belonged to Smith & Company, a debtor of theirs, whose rights in the potatoes they took by attachment.   Both par-

ties claim under Smith & Company; the defendants under their attachment, and the plaintiff under a bill of lading assigned to him for value received prior to the attachment.

The controlling facts in the case are these: The defendants reside in this State; the plaintiff is a private banker in Shortsville, New York; and Smith & Company are merchants in Manchester, New York. Smith & Company agreed to sell a car-load of potatoes to one Brownstein of New Haven in this State, and, pursuant to such agreement, about the 6th of February, 1902, loaded a car with potatoes in New York and sent it forward to New Haven, taking the bill of lading therefor to their own order. They then, on the 7th day of February, the potatoes being in transit, by indorsement upon the bill of lading, made the goods deliverable to Brownstein, made a draft upon him for the agreed price of the potatoes, in favor of the plaintiff, and attaching the draft to the bill of lading delivered both to the plaintiff with a request that he should discount the draft. Upon the security of the goods covered by the bill of lading, the plaintiff that same day discounted the draft, and next day forwarded it and the bill of lading to a bank in New Haven with instructions to deliver the bill of lading to the buyer only upon payment of the draft.

The potatoes arrived at New Haven on the 9th or 10th of February, 1902, the buyer refused to receive them or to pay the draft, and the draft and bill of lading were returned to the plaintiff with notice of such refusal. Said draft has never been paid and is still held by the plaintiff.

On the 12th of February, 1902, while the potatoes were in the custody of the carrier at New Haven, the defendants, in a suit against Smith & Company, attached them as the property of Smith & Company. Due service and return were made of the writ and complaint in that suit, and subsequently, on the 28th of February, 1902, the defendants caused the potatoes to be sold under proceedings brought upon our statutes relating to the sale of perishable property held under attachment.

The court has found that Smith & Company and the plain-

tiff intended, in the foregoing transaction between them, that the plaintiff should acquire title to said draft, secured by the bill of lading representing the car-load of potatoes, and that "plaintiff did so acquire title to said draft, and to the potatoes represented by the bill of lading, as security for the payment of the draft."

Within a day or two after the return of the draft and bill of lading to the plaintiff, he asked Ezra B. Smith, one of the firm of Smith & Company, to find a new purchaser for the potatoes. Shortly afterwards Smith informed the plaintiff that he had found such a purchaser in Providence, and thereupon the plaintiff detached the bill of lading from the draft, and delivered said bill to Smith with instructions to visit New Haven and have the potatoes shipped to Providence, " and delivered said bill of lading to said Smith for no other purpose." Smith, without the authority or knowledge of the plaintiff, erased the name of the original consignee from the bill of lading and inserted in place of it the name of the plaintiff, and having failed to procure the reshipment of the goods on account of the defendants' attachment, returned the bill of lading to the plaintiff, who attached it to the draft, and retained both in his possession thereafter. The plaintiff had no knowledge of the change in the indorsement of the bill of lading till it was returned to him by Smith.

Upon these facts the defendants in the trial court made the following claims, in substance: (1) that the plaintiff was merely the agent of Smith & Company to collect the draft; (2) that if he discounted the draft and took the bill of lading as collateral security for the money advanced, as found by the court, the plaintiff did not thereby "acquire any title or right in the car-load of potatoes pre-eminent to the rights of the defendants when they sold the same "; (3) that if the plaintiff in discounting the draft, in the circumstances detailed in the finding, obtained possession of the potatoes, and a right to hold them as security for the money advanced, he lost such possession and right when he detached the bill of lading from the draft and delivered it to Ezra G. Smith as detailed in the finding.

The court overruled these claims and rendered judgment for the plaintiff, and the only errors assigned relate to the action of the court in so doing.

Upon the facts found the court did not err in overruling these claims. Whether the plaintiff was merely the agent of Smith & Company "for the purpose of collecting the draft" was in this case a question of fact. The court has found that he was not such agent, and there is nothing to show that it erred in so finding.

The second claim is based upon a misconception of the law, which appears to have been abandoned in the brief of the defendants. It is not necessary to hold that the plaintiff, by discounting the draft as detailed in the finding, became the absolute owner of the potatoes; it is enough, for the purposes of this case, to say that he thereby acquired the right to the exclusive possession of them and a right of property in them as security for the money advanced upon them by him; and by all the authorities the plaintiff, upon the facts found, acquired at least such a possession of the potatoes, and such a right of property in them. *New Haven Wire Co. Cases*, 57 Conn. 352; *First National Bank* v. *Crocker*, 111 Mass. 163; *First National Bank* v. *Dearborn*, 115 id. 219; *Forbes* v. *Boston & Lowell R. Co.*, 133 id. 154; *Dows* v. *National Exchange Bank*, 91 U. S. 618; *Commercial Bank* v. *Pfeiffer*, 108 N. Y. 242; *Emery's Sons* v. *Irving National Bank*, 25 Ohio St. 360.

It follows from this that while the potatoes remained in the car at New Haven, the possession of the carrier was, as against the defendant, the possession of the plaintiff; and that at the time of the attachment the plaintiff, as against the defendants, was entitled to the exclusive possession of the potatoes, and to the exclusive right to deal with them for the purpose of reimbursing himself for discounting the draft; and consequently that by their attachment and sale of them the defendants wrongfully took and converted them to their own use.

In their brief the defendants in effect concede the law to be as above stated; but contend that the plaintiff, by deliver-

ing the bill of lading to Ezra G. Smith in the circumstances stated in the finding, transferred his possession of, and title to, the potatoes to Smith & Company; and that thereupon they, by their attachment, acquired the right to take and dispose of the potatoes as the goods of Smith & Company.

Upon the facts found with reference to the delivery in question, there is no foundation whatever for the defendants' third claim.

There is no error.

In this opinion the other judges concurred.