MARY C. LEGAN, APPELLANT, V. FRANK SMITH, APPELLEE.

FILED SEPTEMBER 20, 1915.    No. 18002.

OPINION on motion for rehearing of case reported, *ante*, p. 7. *Former opinion modified.*

SEDGWICK, J.

In our former opinion, *ante*, p. 7, it was held that the trial court was in error in sustaining the special appearance of the defendant, Frank Smith, and dismissing the action. This was upon the ground that he had made a general appearance in the case, and we are satisfied with that conclusion.

The record shows that Mrs. Milbourn admitted in her answer as garnishee that on a former occasion she had

testified that the legacy to Frank would be sent to him as soon as the case was settled. The evidence, some of which is quoted in our former opinion, shows beyond question that there had been negotiations between Frank and the other heirs which amounted to a waiver of any formal demand on Frank's part, and an understanding between them that he was entitled to the legacy under the will. The affidavit filed with the original petition sets out a copy of that portion of the will which gives Frank $3,500 and makes it a lien upon the land. The prayer of the petition itself does not ask for an equitable lien upon the land, but the affidavit and motion filed therewith ask for an attachment of Frank's interests, and the trial court would have allowed new parties and an amendment of the prayer of the petition, if it had been requested, so that a court of equity would have taken jurisdiction of the land itself for the purpose of enforcing the rights of the plaintiff. "Legacies may be attached in the hands of the devisee, for the legatee's debt, if they are charged upon real estate; but mere personal legacies cannot be attached." *Woodward's Executors v. Woodward,* 4 Halst. (N. J.) 115, 17 Am. Dec. 462. The plaintiff gave bond upon appeal to this court, which was duly approved. The bond does not contain the conditions necessary to retain the lien of the attachment in ordinary cases. But the order dissolving the attachment is a final order, and may be reversed by the court upon appeal, although the bond is not given. *Adams County Bank v. Morgan,* 26 Neb. 148. The record shows that the defendant, Frank Smith, was a nonresident of the state, which is a sufficient ground for attachment.

The merits of the plaintiff's claim against the defendant, Frank Smith, are not determined. The trial court will allow amendments of the petition, if desired, making all of the devisees parties, and investigate the plaintiff's claim carefully, and, if plaintiff's claim is established, it will be made a lien upon the interest of Frank Smith in the land devised to Mrs. Milbourn and Arthur H. Smith.

As above modified, our former decision is adhered to.

FORMER OPINION MODIFIED.

Madison Nat. Bank v. Gross.

Rose, J., dissents.

Hamer, J., not sitting.

Letton, J., concurring, but dissenting as to directions.

This is purely an action at law to recover a money judgment, with ancillary proceedings in garnishment. The garnishees were discharged and the order discharging them was not superseded under section 7776 Rev. St. 1913. In this state of the case any property of Smith's in the hands of the garnishees was released from the custody of the law and the court lost power to direct the district court as to its disposition.

The directions in the former judgment of this court that the garnishees be required to appear and make further answer should be eliminated. In other respects it should be adhered to without modification.