[No. 16795.    Department Two.    February 21, 1922.]

A. H. WICKENS, *Appellant*, v. P. C. SCHEUER, *Doing Business as Scheuer & Company, et al., Respondents.*[1]

CARRIERS (14-2)—BILLS OF LADING—INDORSEMENT OR OTHER TRANS-FER.  Where it is the intention of parties to pass title to goods by the indorsement of a bill of lading, the title duly passes; and such intent is shown by letters of credit issued to an importer, which required the draft against it to be attached to a bill of lading, in-dorsed to the bank issuing the letter of credit, and required docu-ments of title and insurance for the bank's protection.

SAME (10)—BILLS OF LADING—AUTHORITY OF AGENT.  When a broker for an importer receives goods in transit to which title has passed to bankers under letters of credit and indorsement by the importee of bills of lading, the broker takes the goods as agent of the bankers, although the broker is unaware of the situation and was at the same time acting as agent of the importer in other mat-ters.

SAME (14-2)—BILLS OF LADING—TRANSFER.  The surrender by a broker of bills of lading upon delivery of the goods covered thereby would render duplicate bills void only so far as the carrier is con-cerned and would not affect the contract of other parties respecting such bills.

SAME (14-2).  Where an importer never had possession of goods whose title had passed to banks on indorsement of the bills of lading to them on letters of credit issued to the importer, the fact that the importer had the right to obtain the goods upon payment of the sums due the banks would not subject the goods to any liability to his creditors.

ATTACHMENT (8)—PROPERTY SUBJECT—OWNERSHIP OR POSSESSION OF PROPERTY.  The inchoate right of a debtor to obtain goods whose legal title and right to possession had been vested in banks upon payment of advances made by them, would not subject the goods to liability to attachment by his creditors.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered January 15, 1921, up-on findings in favor of the defendants, adjudging the

[1]Reported in 204 Pac. 780.

title to property seized under a writ of attachment, tried to the court. Affirmed.

*Walter M. Harvey,* for appellant.

*Crowder & Crowder* and *Ellis, Fletcher & Evans,* for respondents.

Hovey, J. — The appellant sued the defendant Scheuer, a nonresident of this state, and attached certain goods in transit as the property of the defendant. Respondents Bankers Trust Company, Citizens National Bank of New York, and The Coal & Iron National Bank of the city of New York, obtained re-delivery of the goods by giving a bond, claiming the same as their own. The trial court found the goods to be the property of the respondent banks, relieved them of liability on their bonds, and gave them judgment for their costs. Subsequently, upon special appearance by the defendant Scheuer, the service of summons was quashed.

The facts in the case seem undisputed, but the transaction is nevertheless rather complicated. Scheuer & Company reside in New York and are importers. They obtained from the respondent banks letters of credit in varying amounts. These they sent to their agent in Yokohama. This agent purchased the merchandise in question, presented the letters of credit to the Yokohama Bank, together with bills of lading for the goods, and obtained from the Yokohama Bank the money to pay for the goods. The bills of lading were in quadruplicate in each case and were indorsed by Scheuer & Company, and in each case the Yokohama Bank drew a draft on the respondents for the sum advanced, attached to a copy of the bill of lading, except in the case of respondent Coal & Iron National Bank of the City of New York, where the draft was drawn upon the cor-

respondent of this respondent in London. The letters of credit are for different sums and are in the following form:

"Gentlemen:

"'We herewith beg to open with you a credit in favor of Messrs. Scheuer and Company, Yokohama, Japan. For any sum or sums not exceeding in all Three Thousand (3000-0-0) Pounds Sterling.

"For the account of Messrs. Scheuer and Company, New York City, Against shipment of Merchandise.

"For which they will value or order to be valued on you at one hundred twenty days' sight.

"Drafts to be accepted only against delivery of abstract of invoice and duplicate Bill of Lading to the order of the Coal and Iron National Bank of the City of New York with exceptions stated hereafter.

"Consular Invoice and original Bill of Lading to be sent direct to the Coal and Iron National Bank of the City of New York with exceptions as stated below.

"Insurance to be effected in New York, loss, if any, made payable to the Coal and Iron National Bank of the City of New York also mine risk.

"All drafts against this Credit to be drawn and negotiated before December 31, 1919, and to contain the clause 'Drawn under Coal and Iron National Bank Letter of Credit No. 1542, dated, New York, August 13th, 1919.'

"If Bills of Lading are made out to 'order' the full set must accompany draft, otherwise satisfactory guarantee for missing Bills of Lading will be required in London with exceptions stated below.

"We hereby agree with the drawers, endorsers and bona-fide holders of bills drawn in compliance with the terms of this credit that the same shall be accepted on presentation and paid at maturity.

"In case of shipments to San Francisco, Cal., documents to be sent to Southern Pacific Railway Co.

"'For Seattle or Tacoma shipments, the documents to be sent to Ocean Brokerage Co., 762 Stuart Bldg., Seattle, Washington. For Vancouver, B. C., shipments, documents to be sent to Crickmay Bros., 325

Howe Street, Vancouver. In the foregoing cases the negotiating bank must attach a certificate certifying that documents were forwarded according to conditions herein set forth, which shall be: Consular Invoice, Two Bills of lading to order, duplicate invoice and copy of bills of lading to be attached to draft. All other shipments, documents to be sent to The Coal & Iron National Bank.''

The Ocean Brokerage Company, mentioned in the letters of credit, were doing a brokerage business in the city of Seattle and had theretofore acted as agents for Scheuer & Company. Two copies of the bills of lading were forwarded to the Ocean Brokerage Company and they obtained the goods upon their arrival in Seattle and reshipped the same to various consignees in New York City, in the name of Scheuer & Company as consignors. They did not have any actual knowledge of the connection of the respondent bankers with the transaction.

Subsequent to the commencement of this action, the drafts of the Yokohama Bank were paid upon presentation, and thereafter Scheuer & Company executed in favor of each bank a trust receipt, by the terms of which title to the goods was retained by the banks until they should be paid the sums due them, but Scheuer & Company were to be permitted to have the custody of the goods, subject to the reserved title.

It is contended by appellant that the transaction is simply a purchase of goods by Scheuer with a pledge of title to the respondent banks as security, and that, the legal title being in Scheuer, the goods would be subject to attachment for debts owing by them.

The effect to be given an indorsement of a bill of lading depends upon the intention of the parties. Scrutton on Charter Parties and Bills of Lading (9th ed.), p. 170. And where the title is intended to be

passed, this will be the effect of the transaction. 10 C. J. 204. The language of the letter of credit in this case, the provision for the forwarding of the documents of title, and the provision for insurance, satisfies us that it was the intention of the parties to vest title in the banks advancing the money. Procedure was initiated when the letters of credit issued, and as soon as the bills of lading were delivered and the money advanced in accordance with the letters of credit, title thereupon became vested in the banks. When the goods were received by the Ocean Brokerage Company they took them in this case simply as agents of the respondent banks, in accordance with the provisions of the letters of credit. The fact that they were unaware of the situation could not change the legal status as to title. The fact that the Ocean Brokerage Company was the agent of Scheuer & Company in other matters would not make them such in this instance in derogation of the title held by the banks.

It is contended by appellant that whatever effect may be given to the bill of lading in the first instance in favor of the respondents would be lost because the goods were surrendered to the Ocean Brokerage Company upon the production of the bills of lading held by them. This simply would have the effect upon the contract of ocean carriage and would render the other bills of lading void so far as the carrier is concerned, but would not affect the contract of the parties primarily concerned.

It is further contended that the contract could not be effective as against creditors because it involved the element of the right of Scheuer & Company to obtain the goods upon payment of the sums due, but, in our view, this does not affect the matter, for the reason that possession of the goods was never in Scheuer & Company.

We deem the following cases to be in point in the present case: *Moors v. Kidder,* 106 N. Y. 32, 12 N. E. 818; *Charavay & Bodvin v. York Silk Mfg. Co.,* 170 Fed. 819; *Walsh, Boyle & Co. v. First Nat. Bank,* 228 Ill. 446, 81 N. E. 1067; *Mather v. Gordon,* 77 Conn. 341, 59 Atl. 424; *American Nat. Bank v. Henderson,* 123 Ala. 612, 26 South. 498, 82 Am. St. 147; *In re Dunlap Carpet Co.,* 206 Fed. 726; *Century Throwing Co. v. Muller,* 197 Fed. 252; *In re Cattus,* 183 Fed. 733; *In re Coe,* 183 Fed. ·745; *First Nat. Bank v. Mt. Pleasant Milling Co.,* 103 Iowa 518, 72 N. W. 689.

In our opinion, the right of Scheuer & Company to obtain these goods upon the payment of the sums due the respondent banks who had the legal title and the right to possession of the same, was not such an interest in the property as would be the subject of attachment.

The judgment appealed from is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.